CITY OF ST. LOUIS, Appellant, *v.* WIGGINS FERRY COMPANY, Respondent.

1. *Revenue—Corporations, Foreign—Residence.*—A corporation is a resident subject or citizen of the State in which it is created, regardless of the residence of its members or stockholders; but although the corporation itself cannot migrate or go out of the State creating it, it may by its agents act beyond the bounds of the State in which it exists, and may become liable in other States to service of process upon its agents, and its property locally situate in such States may be subjected to taxation.

2. *Revenue—Residence—Personal Property—Assessment.*—The personal property of a resident actually situated beyond the limits of this State, is without its jurisdiction, and cannot be assessed for taxation in this State; but the prop-

erty of a non-resident is taxable here if it be found situate within the local jurisdiction, whether in the hands of the owner or his agents.

3. *Revenue — Corporations, Municipal and Foreign — Boats and Vessels.* — Ferry boats owned by a corporation created by the laws of the State of Illinois, and running between the Illinois and Missouri shores, are subject to taxation in this State, and by municipal corporations, if the companies owning said boats have an office for the transaction of business in this State within the limits of such city or town. For the purposes of taxation, such foreign corporation having an office and doing business within this State is to be considered a resident.

## Appeal from St. Louis Circuit Court.

*C. C. Simmons,* for appellant.

The City of St. Louis has authority under its charter to levy and collect, within the city, taxes not exceeding one per centum upon all property made taxable by law for State purposes. Shares of stock and all other interests held in steamboats, keel boats, wharf boats, and all other vessels, are made taxable by law for State purposes—Sess. Acts 1860–61, p. 62.

The defendant, not being a corporation created by the laws of this State, is to be regarded as a non-resident, and its property in the possession of, or managed, regulated and controlled by its agents, residents of this State, is liable to taxation here — International Life Ass. Soc. v. Comm'rs of Taxes, 28 Barb. 318; Hoyt v. Comm'rs of Taxes, 9 E. D. Smith, 224.

I. The boats used by the defendant are liable, and ought to be taxed by the State and municipal authorities of this State. 1. Because they are registered at the port of St. Louis, which thus becomes their home port and renders them liable to be taxed there—Hays v. Pacific Mail Steamship Co., 17 How. 596; City of New Albany v. Meekin, 3 Ind. 481; Wilkey v. City of Pekin, 19 Ills. 160. 2. Because the company pays taxes in Illinois, it is not for that reason exempt from liability to be taxed in this State also—Catlin v. Hall, 21 Vt. 152.

II. The boats belonging to the defendant are subject to taxation under our laws, because all the officers of the com-

pany are residents of this State, and its stock is also mostly owned here. In everything but in name and that which is merely imaginary the defendant is a home company, and ought so to be considered. It has a superintendent and other employees residing in Illinois; it holds real and personal property, has an office, and transacts business, there; but the actual control and management of its affairs, and the real possession of all its property, is in fact and in law vested in the president, directors and other officers of the company, who are its trustees and agents, and who are all citizens of this State and reside in the city of St. Louis.

*E. B. Ewing*, for respondent.

I. Upon the facts admitted, the property in controversy is not taxable by the city. The city has authority to impose a tax on such property only as is made " taxable by the laws of the State within the limits of the city"—Ordinances 1866, p. 570. Two things must concur : first, the property must be subject to taxation by the law of the State; and second, such property must have its actual *situs* within the limits of the city. It is evident the intention of the ordinance was to confine its power of taxation to property actually within the territorial jurisdiction of the city ; its terms are too plain to admit of doubt. And that the property was not within the limits of the city in any sense, the facts agreed make most manifest ; and that the city never so regarded it, appears further from an ordinance, then and still in force, prohibiting the ferry boats from remaining on this side the river longer than ten minutes—Ordinances 1866, p. 394, § 12, see also § 17 ; Wilkey v. City of Pekin, 19 Ills. 161.

II. The law of the State, however, under which this assessment was made, gives no authority, nor by any fair construction of its terms does it attempt to subject the stock or property of a foreign corporation to taxation. This law classifies the objects of taxation as they relate to corporations, first, by a provision applying evidently to home corporations in general, making taxable their shares of stock and

all property owned by them over and above their capital stock—Acts Adj. Sess. 1863, pp. 65-7, § 1. It also provides that all incomes derived from public stocks, bank stocks, stocks of chartered companies, or other property, real or personal, that are not taxed in this State, shall pay a tax, &c. —p. 66, § 1.

There is here a manifest distinction between home and foreign corporations, subjecting the stock, &c., of the former to taxation, and the incomes derived from the stock and property of the latter; such is the obvious construction of the section, and the reasonable interpretation of its language. It is only intended, however, to maintain on this point that the Legislature did not go further than this; but it is not conceded that it could go even this far in subjecting property beyond the territorial jurisdiction to taxation.

Section 5, p. 67, says that " all property situated in any other State or Territory, and belonging to any resident of this State, which is personal by the laws of such State, shall be assessed in the county of such resident. This, of course, does not include stocks or other property of foreign corporations, the incomes of which alone the Legislature intended to make taxable; for if it were intended thereby to include stock, &c., of foreign corporations, it would be inconsistent with the clause in regard to incomes derived from stock and property of such corporations.

If, then, the property in controversy is not embraced by the terms of the ordinance as being actually within the limits of the city, the claim of authority to subject it to taxation can only be supported, if at all, by a legal fiction, by which it is transferred from a foreign jurisdiction so as to subject it to the operation of our own laws.

The State has no power to impose a tax upon property whose actual *situs* is within a foreign jurisdiction. This would seem to result obviously from the familiar principle that the laws of one country have no intrinsic force except within the territorial limits and jurisdiction of that country or State—a principle resulting from the equality and independence of

States and an essential attribute of sovereignty, of which the taxing power is an incident. The question, however, in a variety of forms has been the subject of adjudication, and the decisions in various States, which are cited below, establish, or rather recognize, these general principles : that all subjects over which the sovereign power of a State extends are objects of taxation ; but those over which it does not extend are, on the soundest principles, exempt from taxation— 9 E. D. Smith, (N. Y.) 226 et seq.; Hoyt v. Comm'rs of. Taxes, 9 id. (N. Y.) 236 ; Sto. Const. Law, § 550 ; Catlin v. Hall, 21 Vt. 152; Finley v. City of Philad., 32 Pa. 381 ; City of New Albany v. Meekin, 3 Porter, (Ind.) 482 ; Sangamon & Morgan R.R. Co. v. Morgan Co., 14 Ills. 166; Wills v. Collector, 26 Ills. 300; Johnson v. City of Lexington, 14 B. Mon. 648; McGregor v. McGregor Br. State Bk., 12 Iowa, 79, 529; Commonw. v. Hamilton Manuf'g Co., 12 Allen, not yet reported, referred to in Amer. Law Reg. for May, p. 437, holding that corporations are taxable for their stock in the State, city or town where they are situated, although its stockholders are non-residents.

The fact that the boats are registered in St. Louis is of no importance in the case at bar, where the other facts, admitted so clearly, fix the *situs* or locality of the property in a foreign jurisdiction. The place of registration is a fact which is necessarily indeterminate as it respects locality of property for the purposes of taxation. The act of Congress requires ships and vessels to be registered by the collector of the district, in which shall be comprehended the port to which such ship or vessel shall belong at the time of her registry, which port shall be deemed to be that at, or nearest to which, the owner, if there be but one, or, if more than one, the husband or acting and managing owner of such vessel usually resides —1 Stat. 288, § 3.

The port or place of registration is manifestly of no consequence in determining the *situs* of a vessel for the purposes of taxation. If this circumstance could fix the locality of the property, all the ferry boats in the State that are regis-

tered in the State would be liable to a tax here; or a boat plying between places within the State of Illinois, and wholly within its jurisdiction, would, on the same principle, be taxable in St. Louis, if this were the port nearest to which the owner (although a citizen of Illinois) resided.

All the property of the company within the city pays a tax, and it pays to the city $2,000 every six months upon a ferry licence—Ordinances 1866, p. 395.

HOLMES, Judge, delivered the opinion of the court.

The cause was submitted to the court below upon an agreed state of facts. Judgment was given for the defendant, and the plaintiff brings the case up by appeal.

The substantial question is, whether the ferry boats of this company plying between the city and the Illinois shore, across the river, are subject to taxation here for city purposes as personal property situated within the city limits.

The company was chartered by the Legislature of Illinois, and had a principal office in this city, where the president and other chief officers, including the treasurer, reside, and also another office and place of business on the opposite shore in Illinois, where the superintendent, engineers and other minor officers and agents reside, and where the warehouses, machine shops, and some other property of the company were located, and where the boats were laid up when not in actual use. The wharf boat, permanently located at the city wharf, was admitted to be subject to taxation here. The property was assessed, the tax bills made out, and the suit brought, according to existing laws and ordinances, against the corporation by name as the owner of the boats; and service was had upon the president and secretary in accordance with the statute of this State—R. C. 1855, p. 376, §§ 1-4. These statutes provide that any corporation may be sued by name, by summons to be served on the president or other chief officer, personally, or by leaving a copy at any business office of the company, in the county where the cause of action accrued or in any county "where such corporation

shall have, or usually keeps an office or agent for the transaction of their usual and customary business;" and that any corporation incorporated in another State, and having property in this State, shall be liable to be sued and their property subjected to attachment in the same manner as individuals, residents of other States. These provisions are broad enough to include all corporations, domestic or foreign.

It has been held by this court that a foreign corporation which had located its chief office or place of business within this State, was no longer to be regarded as wholly a foreign corporation, but might be sued like any other individual resident here, by service on the president or other chief officer at such place of business, and was, therefore, not liable to the process of attachment as a non-resident of this State—Farnsworth v. Terre Haute & Alton R.R. Co., 29 Mo. 75.

It was said that a foreign corporation which takes up its residence and establishes a principal office here, becomes amenable to the laws and the process of the State like an individual resident, and "affords all the facilities for serving the ordinary process of law which any corporation with a charter derived from the Legislature of this State could do."

A corporation is a resident subject or citizen of the State in which it is created, wherever its members or shareholders may reside; and though it must be constituted of some place within the dominion of the government which creates it, and can have no legal existence beyond the boundaries of that State, must dwell in the place of its creation, and cannot migrate to another State; yet it may act by agents beyond those bounds where it exists—Ang. Corp. §§ 103–109; Louisville Railw. Co. v. Letson, 2 How. (U. S.) 497; Blackstone Manuf. Co. v. Inhabitants, 13 Gray, 488. There can be no doubt that, within the limits of the State which grants the charter, a corporation may have a special-constructive residence in more places than one, so as to be charged with taxes and dues and be subjected to the local jurisdiction where its officers and agencies are actually pres-

sent in the exercise of its franchises and in carrying on its business; and the legal residence of a corporation is not necessarily confined to the locality of its principal office or place of business. It depends on the official exhibition of legal and local existence, and its place of residence may be wherever its corporate business is done—Glaize v. South Carolina Railw. Co., 1 Strob. 70; Cranwell v. Ins. Co., 2 ·Rich. 512; Ang. Corp. § 107. This doctrine is, in general, confined to the territorial limits of the State from which the corporation derives its charter; but however it might be on general principles only, there can be little doubt that the effect of the statutes of this State is such as to make this corporation, though chartered abroad, a resident of this State, not only for the purposes of suing and being sued, by ordinary process, or by attachment, but for all the purposes of ownership of personal property and of taxation, if the same be actually situated within the city limits.

It is of no consequence, therefore, that this corporation had an office and place of business on both sides of the river and in different States, for it may very well have several such offices. In the case of Crofut v. Brooklyn Ferry Co., 36 Barb. 201, the company was chartered by the laws of New York, and had offices for the transaction of business both in New York and Brooklyn; and it was held that the certificate of incorporation (as required by statute), and the acts of the company in the exercise of its franchises, showed where the corporation was established; that its franchises extended to both places; that it was established in both, and that it was subject to the jurisdiction of either.

The personal property of a non-resident actually situated in another State is not to be assessed and taxed against him in this State, but the property of either a resident or a non-resident is taxable here, if it be found situate within the local jurisdiction, whether it be in the hands of the owner himself or of his agents—Hoyt v. Comm'rs of Taxes, 23 N. Y. 224; International Life Ins. Co. v. Comm'rs of Taxes, 28 Barb.

318; City of St. Joseph v. Hannibal & St. Joseph R.R. Co. 39 Mo. 476.

But it is contended that these boats belong to a foreign corporation resident in Illinois, having its principal office and place of business in East St. Louis; that the boats plied from the Illinois shore to the city of St. Louis, where they were allowed to stay only long enough to receive and discharge freight and passengers, and was usually laid up on the other side when not running, and that therefore the actual *situs* of the property was in Illinois, where only it could be subjected to taxation.

It appears from the agreed statement of facts that the boats were duly registered at the port of St. Louis, under the laws of the United States. Whether ordinary ferry boats are such vessels as are entitled or required by the laws of the United States to be registered and licensed as vessels employed in the coasting trade or otherwise, might admit of some doubt. The acts of Congress providing for the better security of the lives of passengers on board steamboats, have been held to apply to all steamers navigating the waters of the United States, whether within a State or between States —Waring v. Clark, 5 How. (U. S.) 465.

On the facts stated, we may take it for granted that these boats were such vessels as were required to be registered. By these laws the registration is to be made at the port nearest to the place where the owner resides, or where the acting and managing owner usually resides, and the name of the vessel and port must be painted on the stern; and it has been decided that these things indicate the domicil or home port of the vessel, and that this home port where the individual owners are resident is the place where the property is subject to local taxes—Hays v. Pacific Steamship Co., 17 How. (U. S.) 598.

It made no difference in that case that the vessels had been engaged in the transportation of passengers between different places in California and Oregon, as well as from

New York to San Francisco; and it was said that the nature of the business, or the mode of transacting it, did not affect the question of the *situs* of the property in view of the right of taxation by a State.

The case seems to suppose that the owners were resident at the home port. In the case of Hoyt v. Comm'rs of Taxes, 23 N. Y. 224, a distinction was made between ships and other personal property, and it was said that ships "registered at a port within the State, and having consequently no *situs* elsewhere, were justly taxable to the resident owners." In *Wilkey v. City of Pekin,* 19 Ills. 160, it was held that the city had no power to tax the property even of residents if its actual *situs* were without their limits, and it was said that "the place or *situs* of a vessel must of necessity be the place of registration, and the port from and to which it regularly departs and returns." The share of an owner resident in New Albany in a vessel registered at Louisville, and which only touched occasionally at New Albany, was held not to be taxable at the latter place—City of Albany v. Meekin, 3 Ind. 481. In reference to taxation, personal property does not necessarily follow the domicil of the owner, nor does its liability to taxation depend upon his residence merely, but rather upon the local situation—the *situs*—of the property— Finley v. City of Philadelphia, 32 Penn. 381. The property is subject to taxation in consideration of the protection which it receives from the laws of the place where it is found, and where the owner or his agent is resident. It is taxable where it is permanently located; and where the principal officers of the corporation resided out of the State by whose laws it was created, the place of residence for purposes of taxation within that State for movable property was held to be where the principal office was located, there being no such office in the county where it was found—Mills v. Thornton, 26 Ills. 300 ; Sangamon & Morgan R.R. Co. v. County of Morgan, 14 Ills. 163. These cases concerned ordinary kinds of personal property, where there was nothing else to determine its situation with reference to taxation ; but the

other cases cited may be taken as decisive authority for the position that a registered boat or vessel is taxable only in the home port where the owner or his acting manager or agent is resident.

The facts stated show that the city of St. Louis was the domicil and home port of these ferry boats; that the owner, though a corporation created in another State, had a principal office and place of business in this city, and was a resident here within the meaning of our law; that the chief officers of the company resided here, and were the acting managers for the owner, and that the boats plied from and to their home port, and were subject to the immediate control of the officers and agents residing here. That the boats, when not in use, were laid up on the opposite shore, or that the harbor regulations did not permit them to lie at the city wharf longer at a time than was necessary for receiving and discharging freight and passengers, or that the company also had an office and place of business in Illinois, or that two-thirds of the stock was owned in this city and in other States than Illinois, are all immaterial circumstances. The property is not assessed to the stockholders, but to the corporation by name. It makes no difference where the shareholders reside—Queen v. Arnaud, 9 Adolph & Ellis, 806; Ang. Corp. § 109. The corporation is taxed as owner, and in respect of the boats as specific personal chattels, and not at all in respect of the stock or income. The personal property of the company which is permanently located, or actually situated in Illinois, is no doubt taxable there only; but these registered boats must be held to be taxable here only. It does not necessarily follow from this that all boats and vessels that may be registered at this port must be liable to taxation here. If a ferry boat were plying across the Illinois river from and to the place of the owner's residence, and never came within the limits of this city, and were registered here only because this was the port of entry nearest to the owner's place of residence, we suppose the property would be taxable there where it was so permanently situated and

used.  It was so held by this court in the case of the City of St. Joseph v. Hannibal & St. Joseph R.R. Co., Feb. term, 1867, where the steamers, though registered at St. Louis as the nearest port, were employed in running from St. Joseph to various points on the Missouri, and at which place the owners, or their agents in charge of the property, resided and had their business office.  In this case we think it is sufficiently established by the facts that the city of St. Louis is not only the port of registration nearest to the residence of the owner, but is to all intents and purposes the domicil or home port of these boats, where the owner, though a foreign corporation, is constructively resident, where the agents of the owner in whose hands and control the property is, are actual residents, and where the property may be deemed to be locally situate.  We conclude, therefore, that it was liable to this taxation for city purposes.

Judgment reversed, and the cause remanded.  The other judges concur.