STATE OF MISSOURI, at the Relation of JUVENILE SHOE CORPORATION, Relator, v. HON. FRANKLIN MILLER, Judge of the Circuit Court of the City of St. Louis, Respondent.*

St. Louis Court of Appeals. Opinion filed May 5, 1925.

1. **CORPORATIONS: Actions Against: Venue: Jurisdiction: Charter Residence: Statutes: Prohibition.** Section 1180, Revised Statutes 1919, providing that suits against corporations shall be commenced either in the county where the cause of action accrued or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business, does not preclude the commencing of a suit in the county of a corporation's residence as fixed by its articles of agreement and the circuit court of the county of such residence has jurisdiction of a suit commenced therein, even though the corporation kept no office or agent in such county and the cause of action did not accrue therein. The object and purpose of section 10144 in having a corporation designate where it is to be located was to determine venue for the purpose of bringing actions against such corporation.

2. ———: **Residence: Legal Entity of Corporation Distinct From Members: Must be Resident of Some Place.** It is a general and well-established principie of law that a corporation has a legal entity distinct from its members, and must be a resident of some place.

3. ———: ———: **Cannot Change Domicile at Will: Only as Authorized by Statute.** A corporation cannot change its domicile or residence at will, but only as authorized by statute.

*Headnotes 1. Corporations, 14 C. J., Section 416; 14a C. J., Section 2877; 2. Corporations, 14 C. J., Sections 5, 31; 3. Corporations, 14 C. J., Section 417.

## Prohibition. Original Proceeding.

Permanent writ denied.

*Lewis & Rice* and *Wm. Keane Small* for relator.

(1) The venue of an action in connection with jurisdiction means the place where the action shall or may be brought. · The venue of actions instituted in courts of this State is determined and regulated solely by statute. Secs. 1177 to 1181, R. S. 1919; State ex rel. Standard Fire Ins. Co. v. Gantt, 274 Mo. 490. (2) Section 1177, R. S. 1919, designates the place where actions against individuals may be brought. This section has no application whatever to suits against corporations and the venue of suits against corporations is governed solely by section 1180, R. S. 1919. Under section 1180, R. S. 1919, suits against corporations can be commenced only in one of two places: (1) in the county where the cause of action accrued, or (2) in any county where such corporation shall have or usually keep an office or agent for the transaction of its usual and customary business. State ex rel. Standard Fire Ins. Co. v. Gantt, 274 Mo. 490; Barnett v. Building Co., 137 Mo. App., 636; Bankers Life Association v. Shelton, 84 Mo. App. 634, 638; Roberts v. American National Assurance Co., 201 Mo. App. 239. (3) For the mere purpose of testing the question of jurisdiction, it is set out in the agreed statement of facts, supra, that: "Defendant has used the trade-mark 'Robin Hood,' which trade-mark is claimed by the plaintiff and an injunction against the use of which by the de-

fendant is asked in the petition, by advertisements appearing in a magazine published in and mailed from the city of Boston, Massachusetts, and circulated and read by subscribers in the city of St. Louis, Missouri.'' It is an elementary principle of law that there can be no trade-mark use of a word or term except by application thereof to an article of merchandise, or to the cartons, packages, boxes or wrappers, in which said article is contained as offered to the public; hence there can be no infringement of the alleged trademark of the Central Shoe Company by the mere use of the same word or term by relator in a magazine advertisement; and that, therefore, the statement of fact above set out does not, of itself constitute a cause of action, under the petition as filed in said cause, particularly paragraph No. 2 thereof. Diederich v. W. Schneider Wine & Liquor Co., 195 Fed. 35; Trade-Mark Cases, 100 U, S. 82, 25 L. Ed. 550; 28 Am. & Eng. Encyclopedia of Law (2 Ed.), p. 352; Hazelton Boiler Co. v. Hazelton Tripod Boiler Co., 142 Ill. 494; Oaks v. St. Louis Candy Co., 146 Mo. 391; Hopkins on Trade-Marks (2 Ed.), sec. 95; Paul on Trade-Marks (1 Ed.), secs. 22 and 187; Hanover Star Milling Co. v. Allen & Wheeler Co., 208 Fed. 513. (4) Even if it be assumed that said plaintiff has a cause of action by virtue of the magazine advertisement referred to in said agreed statement, such cause of action did not accrue within the city of St. Louis, but accrued, if at all, at the place where the magazine containing said advertisement was published, namely, Boston, Massachusetts, as set out in said agreed statement of facts. The situation here presented is similar to that in the case of Houston v. Pulitzer Publishing Co., 249 Mo. 332, wherein it was held that an action for libel accrues in the county where the paper containing the libelous article was first given out to the public, and does not accrue in any county in which the paper is circulated. Houston v. Pulitzer Publishing Co., 249 Mo. 332. (5) Under the express terms of the agreed statement of facts relator has neither

an office nor an agent in the city of St. Louis, Missouri, for the transaction of its usual and customary business. (6) The fact that the articles of association and certificate of incorporation of relator provide that relator shall be located in the city of St. Louis, Missouri, has the effect, at most, to make relator a resident of St. Louis, and under section 1180, R. S. 1919, the residence of a corporation is immaterial in determining the venue of actions brought against it. Bank of Malden v. Wayne Heading Co., 200 S. W. 693. (7) The fact that relator has held stockholders' meeting in the city of St. Louis, Missouri, at the offices of its general attorneys, is not sufficient to give relator an officer in the city of St. Louis within the language of said section 1180; and even if the holding of stockholders' meetings were sufficient of itself to constitute an office, then, nevertheless, such office would not be an office for the transaction of the usual and customary business of the corporation. It is clear that the holding of stockholders' meetings is not the transaction of the usual and customary business of a corporation, and by reference to the agreed statement of facts it will be observed that the directors' meetings of the relator have always been held at the city of Carthage, Mo. Teagen Transportation Co. v. Board of Assessors, 69 L. R. A. 431. (8) The case of St. Charles Savings Bank v.Thompson & Gray Quarry Company, 210 S. W. 868, is not in point for the reason that counsel for both parties in said case went upon the theory that section 1177, R. S. 1919, applies to corporations. Under the authority of State ex rel. v. Gantt, supra, it is clear that such section has no application whatever to suits against corporations. Furthermore, what is said in the St. Charles Savings Bank case with reference to residence is *obiter dicta,* for the reason that the cause of action clearly accrued in the county where the suit was brought and was therefore suable there under the express terms of section 1180, R. S. 1919.

*Jones, Hocker, Sullivan & Angert* for respondent.

NIPPER, J.—This is an original proceeding by prohibition, whereby it is sought to prohibit respondent, as one of the judges of the circuit court of the city of St. Louis, from taking further action in a certain cause wherein the Central Shoe Company is plaintiff, and the Juvenile Shoe Corporation of America, the relator therein, is defendant.

Suit was filed by plaintiff against defendant in which plaintiff alleges that it is the owner of a certain trade name, "Hobin Hood," as applied to shoes; that defendant has advertised and threatened to use, and is using this trade name in violation of plaintiff's exclusive right and ownership in and to said trade name, and asks for a permanent injunction restraining defendant from using such name. Summons was issued and directed to the sheriff of Jasper County, Missouri. This summons was served by said sheriff by delivering a copy, together with a certified copy of the petition, to the person in charge of the business office of the defendant, at the city of Carthage, in Jasper County, Missouri. At the return date the defendant filed an answer in the nature of a plea to the jurisdiction, which said answer set up the fact that defendant had neither an office nor an agent in the city of St. Louis for the transaction of its "usual and customary business;" and that the plaintiff's cause of action, if any, did not accrue within the city of St. Louis.

Plaintiff's reply denied generally the new matter contained in the answer, and alleged that defendant was a Missouri corporation, and that its articles and certificate of incorporation provided that it should be located in the city of St. Louis; and that defendant held its stockholders' and directors' meetings in the city of St. Louis, and maintained an office in that city for that purpose, and that said circuit court of the city of St. Louis had jurisdiction.

When the case was called for trial, the question of jurisdiction was submitted to the trial court for determination upon the following agreed statement of facts:

''The parties hereto hereby agree that the following are the facts in connection with the plea to the jurisdiction and upon which the said plea is hereby submitted to the court for determination:

''Defendant, the Juvenile Shoe Corporation of America, is a Missouri corporation, the certificate of incorporation being duly issued on June 8, 1918.

''The articles of agreement or incorporation of said defendant stated:

'' 'Second. That the corporation shall be located in the city of St. Louis, State of Missouri.'

''Said Section 'Second' has never been amended or altered.

''Said defendant has always held its stockholders' meetings in the city of St. Louis, Missouri, but for a long time prior to the institution of this suit said meetings were held in the offices of its general attorneys, Lewis & Rice, in the Federal Reserve Bank Building in St. Louis, Missouri, by the courtesy of said attorneys. Said defendant has for a long time prior to the institution of this suit held its directors' meetings in the city of Carthage, Jasper County, Missouri.

''Defendant has used the trade-mark 'Robin Hood,' which trade-mark is claimed by the plaintiff and an injunction against the use of which by the defendant is asked in the petition, by advertisements appearing in a magazine published in and mailed from the city of Boston, Massachusetts, and circulated and read by subscribers in the city of St. Louis, Missouri.

''Defendant had no business office or place of business in the city of St. Louis at the time of the filing of the petition, nor for a long time prior thereto, but the office and place of business of the defendant for the transaction of its usual and customary business was at said time, and for a long time prior, in Carthage, Jasper County, Missouri, where resided the president and other officers of the corporation. Two of its directors reside in St. Louis, the others in Jasper County.

"Defendant has no agent in the city of St. Louis, Missouri, for the transaction of its usual and customary business, nor has it had any such agent in said city since the institution of this suit, nor has it had any such agent in said city for a long time prior to the institution of this suit.

"This agreement and stipulation and the submission of the plea thereon shall not be construed as a waiver of the jurisdiction, nor as an entry of appearance by the defendant; and the parties, by making this agreement as to the facts, shall not be precluded from contending that any statement herein made or fact herein agreed to is immaterial or irrelevant to the issue before the court for determination."

The court overruled defendant's plea to the jurisdiction, and set the case for trial on the merits, after which defendant applied to this court for a writ of prohibition, and, by agreement of parties, the preliminary rule was waived and it was agreed that relator's sugges-tions in prohibition might be treated as the preliminary rule, and respondent's return as the return of the same.

The first and principal question which we are called upon to decide is whether or not the court has jurisdiction under our venue statute with respect to corporations (section 1180, R. S. 1919). It is the contention of the relator that, under the provisions of this statute, unless the cause of action accrued in the city of St. Louis, said court had no jurisdiction, because defendant had no office in said city for the transaction of its usual and customary business. Section 1180 in so far as it affects the present case reads as follows:

"Sec. 1180. Suits against corporations, where commenced.—Suits against corporations shall be commenced either in the county where the cause of action accrued, . . . or in any county where such corporations shall have or usually keep an office or agent for the transac-action of their usual and customary business. [R. S. 1909, sec. 1754.]"

We, of course, are not concerned with that portion of the section with respect to railroad companies. Our Supreme Court, in State ex rel. v. Gantt, 274 Mo. 490, 203 S. W. 964, held that what is now section 1177 refers solely to venue in suits between persons, while section 1180, supra, refers solely to the place of bringing suits against corporations. In that opinion the court said with respect to what is now section 1180:

"We are constrained to hold that such corporations are suable either in the county wherein the cause of action accrued, or in any county where such foreign corporation has an agent for the transaction of its usual and customary business."

It was also held that this applied to foreign corporations, because they were brought within the same rule which governed the bringing of suits against domestic corporations. It is upon this opinion that relator mainly relies, contending that the residence of a corporation, as fixed by its charter, is immaterial in determining the venue of actions brought against it. Or, to state it another way, relator contends that the statute which prescribes that actions against such a corporation shall be commenced either in the county where the cause of action accrued, or in another county where such corporation shall have or usually keep an office or agent for the transaction of its usual and customary business, means that suit must be brought, where the cause of action does not accrue in the county in which plaintiff lives, in the county where such office is maintained, irrespective of where the actual residence of the corporation is as fixed by its charter.

The contention of respondent is that this case is governed by the case of St. Charles Sav. Bank v. Thompson & Gray Quarry Co. (Mo. Sup.), 210 S. W. 868, wherein it is said that section 10144, Revised Statutes 1919, which prescribes that the articles of agreement must name the city or town and county in which the corporation is to be located, was evidently enacted for the purpose of fixing the residences of such corporations, and

that when a corporation is organized, such defendant is presumed to be a resident of the court so designated in its articles of agreement. The relator meets this contention by the suggestion that this statement of the court was *obiter*, and, therefore, was not necessary under the facts as presented before the court. Whether we consider it as *obiter* or otherwise, we think it is good law. It is a general and well-established principle of law that a corporation has a legal entity distinct from its members, and must be a resident of some place. The statute requires that its residence be stated in the articles of agreement. Under the agreed facts in this case, the articles of agreement of the relator stated that such corporation shall be located in the city of St. Louis, State of Missouri. It was no doubt the purpose and intent of the Legislature to make this requirement of corporations for the purpose of determining jurisdiction of courts (14 C. J. 338), and we must respect the reasonable intendments of the Legislature in such matters.

In State ex rel. v. District Court, 182 N. W. 211, the Supreme Court of Iowa said:

"The venue of an action is frequently optional with the plaintiff. He may sue in a county where an agency or office is created, or in the county of the principal place of business of the corporation . . .   Such provisions are permissive and not mandatory."

We do not undertake to say in this case that relator could not be sued in Jasper county, conceding for the purposes of this case that the cause of action did not accrue in the city of St. Louis, but we do think that under the provisions of our statute the object and purpose of the Legislature in having such corporation designate where it is to be located was done in order to determine venue for the purpose of bringing actions against such corporation. A corporation cannot change its domicile or residence at will, but only as authorized by statute. It can act only through its officers and agents, but such officers and agents are not the corporation. To hold otherwise would be to permit the relator to change its res-

idence or domicile and conduct all of its business at such new residence or domicile so that an action against it would have to be brought in the county of its new residence when such change was not authorized by law; for the original articles fixing its residence and place of business at St. Louis have never been amended or altered.

The Supreme Court of Iowa, in State ex rel. v. District Court, supra, had before it a situation very similar to the one before us. The statute fixing venue against corporations provided that an action against a corporation may be brought in the county where such corporation has an office or agency located for the transaction of business. The court held that such a corporation may be sued where its principal place of business is fixed by its articles of incorporation, notwithstanding such corporation may have an office or agency where it transacts its business other than the place designated in the articles of incorporation. The relator cites the case of Teagan Transportation Co. v. Board of Assessors of the City of Detroit, 139 Mich. 1, as authority for the proposition that, where the only business a corporation transacts at the place named as its office in its articles of incorporation is the annual meeting of its stockholders, its residence for the purpose of taxation is the place where its principal business is conducted. However, that ruling was made with respect to a special law providing that if any corporation shall establish its principal office in any other place than the place named in its articles of incorporation, then the place where it transacts its principal business shall be deemed its residence. There is no such provision in our statute, and the facts of that case have no application here.

Therefore, even conceding that the cause of action in this case did not accrue in the city of St. Louis, the circuit court of said city had jurisdiction to try and determine this cause under the agreed statement of facts, and it necessarily follows that a permanent writ should not be issued. The same is accordingly denied. *Daues, P. J.,* and *Becker, J.,* concur.