**STATE ex rel. Larry E. SMITH and Karen M. Smith, Relators,**

v.

**The Honorable Jon R. GRAY, 16th Judicial Circuit, Respondent.**

No. 80463.

Supreme Court of Missouri, En Banc.

Nov. 24, 1998.

---

5. *State ex rel. Swyers v. Romines,* 858 S.W.2d     862, 863–64 (Mo.App.1993).

John D. Wooddell, Mike Nichols, Springfield, for Relators.

Craig A. Smith, Gary R. Cunningham, Springfield, John G. Shultz, Kansas City, for Respondent.

BENTON, Chief Justice.

The respondent judge ruled that, for venue purposes, a domestic insurance corporation, sued with an individual, does not "reside" in a county where it has only an office or agent for the transaction of its usual and customary business. The respondent then transferred the case from Jackson County to Saline County. The plaintiffs below, Larry and Karen Smith, seek mandamus in this Court.

The alternative writ is made peremptory. *Mo. Const. art. V, sec. 4.*

## I.

According to the petition, on January 2, 1996, the Smiths' Mercury Sable was traveling in the snow, north on U.S. Highway 65 just south of the Missouri–Arkansas border. A dump truck stopped ahead of them, obstructing the lane. To avoid the truck, Larry slowed almost to a stop, but his car slid onto the highway's right shoulder, near a rock embankment. Getting out, Larry tried to push the Mercury back onto the road. The dump truck left the scene and has not been identified. Minutes later, a tractor trailer rig struck the Mercury from behind, crushing Larry between the car and the rock wall. The rig was driven by Paul L. Adcock and owned by his employer, Hahn & Phillips Grease Company, Inc.

On October 24, 1997, the Smiths sued (1) their insurer, Shelter Mutual Insurance Company, claiming uninsured motorist coverage for the negligence of the unidentified dump truck driver, and (2) Adcock and his employer Hahn & Phillips, alleging negligent operation of the tractor trailer rig.

## II.

■ Venue is determined solely by statute. *Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). When individuals and corporations are sued in the same suit, section 508.010(2) [1] governs: "When there are several defendants, and they reside in different counties, the suit may be brought in any such county." *See Dick Proctor Imports, Inc. v. Gaertner,* 671 S.W.2d 273, 274 (Mo. banc 1984).

Defendant Adcock resides in Saline County. Defendant Hahn & Phillips, a Missouri corporation, keeps its registered office in Saline County, and has no office or agent in Jackson County. Defendant Shelter Mutual, a Missouri insurance corporation, has its principal and home offices in Boone County, and other offices throughout the state for selling insurance policies, including an office

1. All statutory citations are to RSMo 1994 unless otherwise indicated.

in Jackson County. In this case, venue is proper in Jackson County only if Shelter Mutual "resides" there under section 508.010(2).

### III.

■ Prior to 1943, no Missouri statute defined the "residence" of corporations for venue purposes. In 1939, this Court held that section 508.010(2)—then numbered 720(2)—must be construed *in pari materia* with section 508.040—then numbered 723. *State ex rel. Henning v. Williams,* 345 Mo. 22, 131 S.W.2d 561, 563–64 (Mo. banc 1939), overruled on other grounds in *State ex rel. Webb v. Satz,* 561 S.W.2d 113, 115 (Mo. banc 1978). This Court first reviewed section 508.040, which it interpreted to fix the residence of foreign and domestic corporations when only corporations are sued. *Henning,* 131 S.W.2d at 565. Section 508.040 permits corporations to be sued in: "any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." *Id.* (quoting *sec. 723 RSMo 1929,* the identical predecessor of *sec. 508.040* ).

Then this Court declared: "[W]e can see no reason why their residences should not be regarded as established in the same way when, perchance, they are joined as defendants with another, thereby fixing the venue under Sec. [508.010(2) ]." *Henning,* 131 S.W.2d at 565. The *Henning* case follows the common law rule that a corporation's "residence may be wherever its corporate business is done," that is, "where its officers and agencies are actually present in the exercise of its franchises and in carrying on its business; and that the legal residence of a corporation is not necessarily confined to the locality of its principal office or place of business." *Z.L. Slavens v. South Pacific Railroad Co.,* 51 Mo. 308, 310 (Mo. banc 1873). *See also City of St. Louis v. Wiggins Ferry Co.,* 40 Mo. 580, 586–87 (Mo. banc 1867); *Kalamazoo Loose Leaf Binder Co. v. Con P. Curran Printing,* 242 S.W. 982 (Mo. App.1922); *Hartell v. American Railway Express Co.,* 225 S.W. 131, 132 (Mo.App. 1920). *But cf. St. Charles Sav. Bank v. Thompson & Gray Quarry Co.,* 210 S.W. 868,

871 (Mo.1919); *State ex rel. Juvenile Shoe Corporation v. Miller,* 217 Mo.App. 16, 272 S.W. 1066, 1067–68 (Mo.App.1925).

In 1943, the General Assembly changed the law, legislating that the residence of a general and business corporation "shall be deemed for all purposes to be in the county where its registered office is maintained." *Sec. 351.375(3)* codifying *1943 Mo. Laws 420, sec. 10.* As for general and business corporations, the 1943 law determines their "residence" under section 508.010(2). *Dick Proctor Imports,* 671 S.W.2d at 274–75 (Mo. banc 1984); *Bowden v. Jensen,* 359 S.W.2d 343, 351 (Mo. banc 1962); *State ex rel. Whiteman v. James,* 364 Mo. 589, 265 S.W.2d 298, 300 (Mo. banc 1954); *State ex rel. O'Keefe v. Brown,* 361 Mo. 618, 235 S.W.2d 304, 306 (Mo. banc 1951).

■ Although the 1943 law changed the rule for general and business corporations, it expressly does not apply to insurance corporations. *Sec. 351.690(2)* codifying *1943 Mo. Laws 415, sec. 3.* Therefore, the provision fixing a corporation's residence at its registered office does not apply to insurance corporations. *State ex. rel. Stamm v. Mayfield,* 340 S.W.2d 631, 633 (Mo. banc 1960).

■ In the absence of a specific statute, the *Rothermich* opinion followed the *Henning* line of cases, reading sections 508.010(2) and 508.040 together. *Rothermich,* 816 S.W.2d at 198, 200–01. Thus, an insurance corporation's residence is any place it keeps an office or agent to transact its usual and customary business. *Id.*

The respondent contends that *Rothermich* does not control because the insurance company there was not a Missouri corporation and did not designate a principal or home office in this state. Here, Shelter Mutual, as a Missouri insurance corporation, did list in its articles of incorporation "the location of its principal or home office." *sec. 379.210.* However, unlike general and business corporations, no statute makes this location the residence of an insurance corporation. To the contrary, the statute requiring that domestic insurance corporations list their "principal or home office" existed when this Court decided *Henning* in 1939, *and* when the leg-

islature amended the general and business corporation law in 1943. *Sec. 379.210,* reenacting *sec. 5950 RSMo 1939,* reenacting *sec. 5839 RSMo 1929,* reenacting *sec. 6250 RSMo 1919.* The General Assembly's amendment for general and business corporations did not alter the common law for corporations not covered by the amendment. *See Wring v. City of Jefferson,* 413 S.W.2d 292, 300 (Mo. banc 1967).

By changing the law for general and business corporations but not for insurance companies, the legislature left intact this Court's definition of "residence" for insurance corporations. Under sections 508.010(2) and 508.040, foreign and domestic insurance corporations "reside" for venue purposes in any county where they have or usually keep an office or agent for the transaction of their usual and customary business. *Rothermich,* 816 S.W.2d at 200; *Henning,* 131 S.W.2d at 565.

### IV.

Respondent contends that Adcock and Hahn & Phillips do not have common liability with Shelter and cannot be defendants in the same suit. In fact, the alleged negligence of the unidentified dump truck driver and of the tractor trailer driver (Adcock) combined to produce one injury to Larry Smith. *See Costello v. City of Ellisville,* 921 S.W.2d 134, 137 (Mo.App.1996); *Hollis v. Blevins,* 927 S.W.2d 558, 560–561 (Mo.App. 1996). The cases of *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979), and *Jinkerson v. Koehr,* 826 S.W.2d 346 (Mo. banc 1992), are distinguishable because there, the separate liabilities arose from two separate automobile accidents, occurring six days and eleven months' apart, respectively. These and similar cases cited by respondent are unpersuasive here, where the events causing a single, indivisible injury occurred within minutes.

Contrary to Respondent's claims, tort as well as contract principles will determine whether the Smiths recover on the uninsured motorist policy. *Cobb v. State Sec. Ins. Co.,* 576 S.W.2d 726, 732 n. 4, 736 (Mo. banc 1979). The Smiths must prove "causal negligence on the part of the uninsured motorist"

as well as a contractual basis for recovery. *Id.* at 732 n. 4; *cf. sec. 379.203(1).* Simply because the Smiths sue Adcock and Hahn & Phillips for negligence and Shelter Mutual for uninsured motorist coverage does not diminish the common liability of the defendants. *See Rothermich,* 816 S.W.2d at 196. Here and in *Rothermich,* the petitions allege that an unknown vehicle stopped negligently, forcing plaintiff off the road, and that a second driver negligently struck plaintiff as he/she attempted to get back on the road. In both cases, the petitions contain separate claims for the first driver's uninsured motorist benefits and the second driver's negligence. *Id.* As in *Rothermich,* venue is proper in this case based solely on the residence of the uninsured motorist carrier. *Id.*

Respondent further argues that the Smiths have pretensively joined Shelter Mutual. Adcock and Hahn & Phillips, as defendants in the underlying suit, bear the burdens, both of proof and of persuasion, on their pretensive joinder claim. *State ex rel. Breckenridge v. Sweeney,* 920 S.W.2d 901, 902 (Mo. banc 1996). They must prove either (1) the facts known to plaintiffs when suit was filed did not support a reasonable legal opinion that a valid claim existed, or (2) the facts, even if true, do not state a claim. *Id.* at 902–903. Neither are proven here. The Smiths allege that an unidentified motorist negligently placed Larry Smith in peril just before Adcock hit his car and injured him. They further allege that under Shelter's policy, "an uninsured motorist includes, but is not limited to, a hit-and-run motor vehicle which it defines as a motor vehicle whose owner or operator *cannot be identified* and which hits, or causes an accident *without hitting,* the insured." (emphasis supplied). These facts state a claim for uninsured motorist benefits under the policy, so the defendants must prove that the alleged facts are untrue.

While defendants assert that the dump truck could have been identified, they have not met their burden. Because defendants cannot prove the petition's allegations are untrue, and because those facts state a claim, defendants failed to establish pretensive joinder of Shelter Mutual.

## V.

Venue is proper in Jackson County, a residence of Shelter Mutual. This Court now makes the alternative writ of mandamus peremptory. The presiding judge of Pettis County (where the case pends) is joined for the purpose of transferring the case to the Circuit Court of Jackson County. *Breckenridge*, 920 S.W.2d at 904 (Mo. banc 1996).

The writ is made peremptory.

PRICE, LIMBAUGH, COVINGTON and WHITE, JJ., concur.

WOLFF, J., concurs in separate opinion filed.

NEILL, Special Judge, concurs in opinion of WOLFF, J.

HOLSTEIN, J., not participating.

WOLFF, Judge, concurring.

Nearly all Missouri venue statutes can be readily understood by reading the language of the statutes themselves. By contrast, as this case demonstrates, venue provisions relating to corporations require an understanding of the statutory language, the Missouri business corporations statute, and decisions of this Court. The principal opinion does an excellent job of navigating the twisted currents of prior cases, but I would revisit this Court's prior interpretations of corporate "residence" for venue purposes to simplify the subject.

Venue in Missouri is statutory, and venue statutes have been with us since the earliest days of the Louisiana territory. *See, e.g., Laws of the Territory of Louisiana 1807*, ch. 38. The venue provisions at issue in this case are among some 53 statutory sections specifying venue in particular situations.[1] The provisions of the general venue statute, section 508.010,[2] the section relating to corporations, section 508.040, and the "residence" provision of the Missouri business corporation law, section 351.375, can be read together to be consistent and readily understandable.

The general venue statute, section 508.010, provides in pertinent part:

> Suits instituted by summons shall, except as otherwise provided by law, be brought:
>
> (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;
>
> (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;
>
> (3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;
>
> (4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state; ....

The venue provision relating to corporations, section 508.040, provides in pertinent part:

> Suits against corporations shall be commenced either in the county where the cause of action accrued, ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

The business corporation statute provides in pertinent part, in section 351.375.3:

> "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained."[3]

The basic problem is that section 508.040 does not use the word "residence," "resident" or "reside." However, in 1939, this Court in *State ex rel. Henning v. Williams*, 345 Mo.

---

1. In addition to the seven sections of chapter 508, RSMo, there are 46 special statutes cited in *Vernon's Annotated Missouri Statutes* annotations to Rule 51.01.

2. All references are to RSMo 1994 unless otherwise indicated.

3. This sentence is one of many in section 351.375, the title to which section is, "Change of address of registered office or agent, how made." The entire section is devoted to how a corporation may change the address of its registered office.

22, 131 S.W.2d 561, 563–64 (Mo. banc 1939), overruled on other grounds in *State ex rel. Webb v. Satz*, 561 S.W.2d 113, 115 (Mo. banc 1978), construed the predecessors to sections 508.010 and 508.040 and read the latter provision to refer to "residence" of the corporation for venue purposes. The general venue statute, section 508.010, provides that venue is proper, generally speaking, in the county where a defendant resides, and a corporation resides in a county where it has an office or agent for transaction of "usual and customary business." *Henning, supra.*

Thus, in 1943, when the legislature adopted the predecessor to section 351.375, as a part of the general and business corporation statute, the residence of a corporation was already established by statute for venue purposes by this Court's interpretation of section 508.040.

As noted, the 1943 business corporation statute amendment, which continues to this day, declares that the residence of a business corporation "shall be deemed *for all purposes* to be in the county where its registered office is maintained." Section 351.375.3 (Emphasis added.)

Starting with *State ex rel. O'Keefe v. Brown*, 361 Mo. 618, 235 S.W.2d 304, 306 (Mo. banc 1951), this Court changed the application and meaning of the predecessor to section 508.040 by applying the provision only to cases where corporations are the only defendants. Where a corporation is joined as a defendant with a non-corporate defendant, then the corporate defendant's residence is governed by the business corporation statute, section 351.375, which provides that the corporation's "residence" is in the county where its registered office is maintained. *See, also, Dick Proctor Imports v. Gaertner*, 671 S.W.2d 273, 274 – 275 (Mo. banc 1984); *State ex rel. Bowden v. Jensen*, 359 S.W.2d 343, 351 (Mo. banc 1962); and *State ex rel. Whiteman v. James*, 364 Mo. 589, 265 S.W.2d 298, 300 (Mo. banc 1954).

Under current interpretation, the residence in the county where the registered office is maintained applies only if the corporation is joined as a defendant with non-corporate defendants. This interpretation creates an incentive for a plaintiff to join an individual defendant, in addition to the corporate defendant, where the plaintiff wishes to obtain venue in the county where the registered office is located.

This interpretation produces an anomalous statutory interpretation. If section 351.375 is understood to designate the *exclusive* residence for venue purposes, then our previous attempts to reconcile the two statutes do not obey the command of the business corporation statute that the residence of a corporation "for all purposes" is to be the county where its registered office is maintained. For venue purposes when the corporation is the sole defendant in a lawsuit, its "residence" is a county where it has an office for the conduct of its usual business, in accordance with section 508.040, and this would conflict with the "all purposes" language of section 351.375.

When we construe sections 508.010 and 508.040, *in pari materia*, as the *Henning* case teaches, it is clear that a corporation for venue purposes may have more than one residence; in fact, its residences are those counties where it has offices for the transaction of its usual business. Rather than to hold that the 1943 business corporation statute somehow amended the venue statute, as the *O'Keefe, Dick Proctor Imports, Bowden*, and *Whiteman* cases indicate, it would be far better to construe the statutes as being consistent with one another.

Where a corporation is statutorily a resident "for all purposes" of a county where it maintains its registered office, the statute does not make that county the *exclusive* residence of a corporation. The statute, consistent with the venue statute, simply creates another venue choice— not the exclusive venue residence. A corporation may maintain its offices for the conduct of its business in places other than the county where it maintains its registered office. In fact, the registered office of many corporations is a law firm, accounting firm, or business service firm that provides the corporation the service of maintaining the registered office. This place is often unrelated to the corporation's office or offices where the corporation conducts its usual and customary business,

which is the venue statute's choice as an appropriate place for trial.

Thus, the most logical way to reconcile the venue statutes and the business corporation statute is to hold that a business corporation for venue purposes is a resident of a county where it maintains an office for the transaction of its usual business (section 508.040) *and* a resident of a county where it maintains its registered office (section 351.375).[4] To interpret sections 508.040 and 351.375 as each defining residence for venue purposes not only is logical, but eliminates the strategic choice of joining an individual defendant for venue purposes where, ordinarily, a plaintiff would not otherwise be inclined to do so. This also obviates the insurance company's argument that it is, in this instance, treated in a disparate fashion: Whether the defendant is a business corporation organized under chapter 351 or an insurance company operating under chapter 379, the fact that it maintains an office in Jackson County would make it a resident there for venue purposes.

Because the principal opinion resolves the issue on the difference between the insurance corporation and business corporation statutes, the Court does not now need to re-examine the question of determining corporate residence under section 508.010. This question is appropriate for a case involving a business corporation where the issue is squarely presented. However, I would reach the issue in this case and hold that Shelter Insurance is properly a resident of Jackson County, as any corporation would be, when it maintains an office there for the transaction of its "usual and customary business." Since venue of this action is proper in Jackson County, I concur in the Court's decision.

---

4. As Judge Hyde argued in dissent in *State ex rel. Whiteman v. James, supra,* 265 S.W.2d at 301, section 351.375 "only adds another office (the registered office)" to those where venue is proper under section 508.040. *Accord, State ex rel. Bowden v. Jensen, supra,* 359 S.W.2d. at 351 (Storckman, J., dissenting).