STATE ex rel. AUTO OWNERS
INSURANCE COMPANY,
Relator,

v.

The Honorable Edith L. MESSINA
and The Honorable Kevin M.J.
Crane, Respondents.

No. SC 91013.

Supreme Court of Missouri,
En Banc.

March 1, 2011.

---

Kenneth R. Goleaner, Russell F. Watters, David R. Buchanan, Brown & James PC, St. Louis, for Auto Owners Insurance.

Edward L. Adelman, Goffstein, Raskas, Pomerantz, Kraus & Sherman LLC, St. Louis, Russell C. Ashley, Deacy & Deacy, Kansas City, for Columbia Mutual Insurance and Biegel Refrigeration and Electric Company.

MICHAEL A. WOLFF, Judge.

## Introduction

Where does an insurance corporation reside for venue purposes?

Auto Owners Insurance Company filed a lawsuit in 2009 against Columbia Mutual Insurance Company and Biegel Refrigeration and Electric Company Inc. The lawsuit was filed in Jackson County, where some of Columbia Mutual's agents are located. The case then was transferred to Boone County because the Jackson County judge found that venue was improper in Jackson County.

Columbia Mutual and Biegel acknowledge that this Court's previous decisions hold that insurance corporations reside "in any county where they have or usually keep an office or agent for the transaction of their usual and customary business." *State ex rel. Smith v. Gray,* 979 S.W.2d 190, 192 (Mo. banc 1998). They contend, however, that the legislature changed this standard in 2005 and that an insurance corporation now resides only in the county where the insurance corporation's registered office and agent are located.

After the case was transferred to Boone County, Auto Owners sought a writ of prohibition, or, in the alternative, a writ of mandamus, from this Court. This Court entered a preliminary writ of prohibition. The proper writ in this case, however, is a writ of mandamus.[1] Because this Court concludes that the legislature did not change where an insurance corporation resides, this Court now enters a permanent writ of mandamus directing that the case be transferred to Jackson County.

## Facts and Procedural History

Auto Owners filed a petition in 2009 against Columbia Mutual and Biegel seeking to recover equitable contribution against Columbia Mutual and equitable

---

1. *See State ex rel. Missouri Pub. Serv. Comm'n v. Joyce,* 258 S.W.3d 58, 60 (Mo. banc 2008) (noting that "an appellate court should employ mandamus when a circuit court has erroneously granted transfer and transfer is complete [but that] failure to follow the ... practice is not fatal" to receiving relief).

subrogation against Biegel. The petition was filed in Jackson County.

Columbia Mutual and Biegel filed a motion to dismiss claiming that venue was improper in Jackson County because "Columbia [Mutual] does not have an office or any agents in Jackson County." In doing so, they noted that this Court "has held that domestic insurance corporations 'reside' in any county" where they keep an office or agent to transact their usual and customary business. Auto Owners responded with uncontroverted evidence that Columbia Mutual had multiple agents in Jackson County. Columbia Mutual and Biegel in reply filed a memorandum arguing that the relevant standard for the residency of an insurance corporation had been changed by statute in 2005 to be where its registered office and agent are located.

Columbia Mutual's registered office and agent are located in Boone County. Biegel is located in Linn County. These parties, therefore, argue that venue in Jackson County was improper. After initially overruling the motion to dismiss, the Jackson County circuit court issued an order dismissing the case for improper venue. The court later set aside its dismissal order and transferred the case to the Boone County circuit court.

Auto Owners then sought a writ of prohibition, or, in the alternative, a writ of mandamus, from this Court prohibiting the Boone County court from taking any action other than ordering the case to be retransferred to Jackson County. This Court, which has jurisdiction under article V, section 4 of the Missouri Constitution, issued a preliminary writ.

## Analysis

"The standard of review for writs of mandamus and prohibition, including those pertaining to motions to transfer venue, is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes." *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007) (citing *State ex rel. Trans World Airlines, Inc. v. David*, 158 S.W.3d 232 (Mo. banc 2005)).

All of the parties agree that, because there is more than one defendant in this case and none of the claims allege a tort, the applicable venue statute is section 508.010.2(2),[2] which provides:

2. In all actions in which there is no count alleging a tort, venue shall be determined as follows:

. . .

(2) Where there are several defendants, and they reside in different counties, the suit may be brought in any such county[.]

Under this statute, venue is proper where any defendant resides. The issue, therefore, is where Columbia Mutual, as a domestic insurance corporation, is deemed to "reside" for venue purposes.

Section 508.010 does not state where an insurance or other corporate defendant resides for venue purposes. Section 351.375.2 does provide, in relevant part, that "[t]he location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." But section 351.690(3) provides that "[n]o provisions of this chapter, other than [certain exceptions not relevant in this case], shall be applicable to insurance companies. . . ." This Court, therefore, has held that "the provision fixing a corporation's residence at its registered office does not apply to insurance corporations." *Gray*, 979 S.W.2d at 192.

**2.** All statutory references are to RSMo Supp. 2009 unless otherwise noted.

*Gray* held that "under sections 508.010(2), [RSMo 1994,] and 508.040, [RSMo 1994,] foreign and domestic insurance corporations 'reside' for venue purposes in any county where they have or usually keep an office or agent for the transaction of their usual and customary business." *Id.* At the time, section 508.010(2), RSMo 1994, provided that "[w]hen there are several defendants, and they reside in different counties, the suit may be brought in any such county." Section 508.040, RSMo 1994, provided that corporations could be sued in "any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." The Court noted that previous opinions had construed these sections *in pari materia* as following "the common law rule that a corporation's 'residence may be . . . where its officers and agencies are actually present in the exercise of its franchises and in carrying on its business; and that the legal residence of a corporation is not necessarily confined to the locality of its principal office or place of business.'" *Gray,* 979 S.W.2d at 192 (quoting *State ex rel. Henning v. Williams,* 345 Mo. 22, 131 S.W.2d 561, 563–64 (1939), overruled on other grounds by *State ex rel. Webb v. Satz,* 561 S.W.2d 113, 115 (Mo. banc 1978)).

Columbia Mutual and Biegel argue that *Gray* is not applicable here because the legislature repealed section 508.040 in 2005. They assert that by repealing section 508.040 and enacting a new version of section 508.010, the legislature was choosing to make the residence for all corporations the same—where the corporation's registered office and agent are located.

 Except for non-tort actions, venue is to be determined by section 508.010.2, which says only that venue is where any defendant resides without giving a definition of residence. By deleting section 508.040 and not enacting, or leaving in place, any provision defining the residence of insurance corporations, the legislature has left the common law definition of residence in place for insurance corporations.[3] *See Belcher v. State,* 299 S.W.3d 294, 296 (Mo. banc 2009) ("Where a statute uses words that have a definite and well-known meaning at common law, it will be presumed that the terms are used in the sense in which they were understood at common law, and the words will be construed unless it clearly appears that such a construction was not so intended."). Where no tort is alleged, an insurance corporation may be sued in any county where it has an agent or office for the transaction of its usual and customary business. *Gray,* 979 S.W.2d at 192.

### Conclusion

Columbia Mutual has multiple agents located in Jackson County. It was error for the Jackson County circuit court to transfer the case to the Boone County circuit court. The preliminary writ is quashed, and a permanent writ of mandamus shall issue directing the Boone County court to retransfer the case to Jackson County.

All concur.

---

**3.** Section 508.010.5(1) does provide that where a plaintiff is injured outside the state of Missouri and "the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located." By its terms, however, it only applies to tort actions. Section 508.010.5.