THE STATE *ex rel.* UNION DEPOT RAILROAD COMPANY *et al. Petitioners,* v. THE SOUTHERN RAILWAY COMPANY *et al.*

**Prohibition:** CONDEMNATION PROCEEDING. Where the circuit court has jurisdiction of proceedings to condemn property to public use, in the exercise of the right of eminent domain, the writ of prohibition will not lie to prevent its exercise, because of the incapacity of a petitioner to maintain the proceeding.

*Prohibition.*

ALTERNATIVE WRIT DENIED.

*Hitchcock, Madill & Finkelnburg* and *Frank, Dawson & Garvin* and *S. P. Galt* for petitioners.

(1) The reading of section 892 (Revised Statutes, 1879), contended for by plaintiff's counsel, is forced and unnatural; and it cannot be held that plaintiff derives any power to exercise the right of eminent domain, under that section, without doing violence to the plain and unambiguous language of the act itself, and violating every rule and canon of construction. (2) Even conceding the right in plaintiff to exercise the power of eminent domain, the petition is fatally lacking in averments necessary to give the court jurisdiction.

*Lubke & Muench* for respondents.

(1) From all decisions under the statute, under which the condemnation proceeding was instituted, the party aggrieved may appeal. *Railroad v. Evans,* 85 Mo. 307; *St. Jo. v. Railroad,* 94 Mo. 535. (2) Where the circuit court has jurisdiction of the subject-matter, prohibition will not issue to prevent the erroneous

exercise of such jurisdiction.   *Wilson v. Rice*, 45 Mo. 283; *Bowman's case*, 67 Mo. 146; *State, etc., v. Fox*, 85 Mo. 61; *State, etc., v. Burckhartt*, 87 Mo. 533; *Barnes v. Gottschalk*, 3 Mo. App. 222; *State v. Laughlin*, 7 Mo. App. 529; *State v. Railroad*, 23 Mo. App. 623; *State v. Lubke*, 29 Mo. App. 555; *State v. Rombauer*, 12 S. W. Rep. 661.

BARCLAY, J.—This is an application for a rule upon respondents to show cause why a writ of prohibition should not issue to prevent the circuit court of St. Louis from further assuming jurisdiction of certain pending condemnation proceedings.   The petitioners in this court are the defendants in those proceedings. Respondents are the plaintiff therein and the circuit judge before whom the matter is pending.   They have appeared to this application, resisting the issue of any rule on the showing made.

It appears that the Southern Railway Company instituted the proceedings in question in the circuit court of St. Louis, in special term number 5, before Judge VALLIANT, to acquire the right to run its cars over the tracks of certain other street railroad companies (defendants) for a distance of several blocks in the public streets of St. Louis.   It invoked the power of eminent domain for this purpose through the usual process of condemnation, claiming the right to do so under the statutes of the state and ordinances of the city. ·

That the circuit court of St. Louis has jurisdiction of proceedings to appropriate property to public use in the exercise of the right of eminent domain, in a proper case, is unquestioned and unquestionable.   But the substance of petitioners' contention here, as well as the ground on which they, as defendants, resisted the proceedings in the circuit court, is that the statutes and ordinances do not authorize the exercise of such jurisdiction on behalf of the Southern Railway Company.

We are of opinion that the question thus raised is not a proper one for our decision upon this application. Where the action or course which a court is about to adopt is such as it has lawful power to take, it should not, ordinarily, be prohibited from taking it.

Whether the particular facts on which the court proceeds in that regard are, or are not, sufficient to justify its exercise of jurisdiction, is a question of law, the solution of which either way cannot impair the court's right to apply its judicial power in the premises according to its view of the law and of the facts before it. For instance, where a court has jurisdiction to render judgments, in ordinary civil causes, it would be manifestly improper to issue a writ of prohibition against it on an application alleging that it was about to pronounce such a judgment on a petition which did not state a cause of action, but which the trial court had held sufficient, or because the latter had ruled erroneously that the plaintiff had a legal capacity to maintain the action.

A mistaken exercise of a jurisdiction with which the court is, by law, invested does not furnish a sufficient basis for a prohibition. Such mistake may be reviewed as other errors; for example, by appeal, but not by a proceeding like this. *Mastin v. Sloan*, 98 Mo. 252. By these remarks we intend no intimation that the orders of Judge VALLIANT in the condemnation case are in any respect erroneous, for that issue is not now before us. We are merely discussing, in the light most favorable to petitioners, the theory suggested in their present application.

The circuit court, in the case in question here, had power to entertain proceedings of the general class to which that case belonged, namely, of proceedings for the condemnation of property to public use. It, therefore, had jurisdiction of the subject-matter. *Postlewaite v. Ghiselin*, 97 Mo. 424. No intimation of any want of

jurisdiction over the parties has been made or need be considered.

On the showing made by petitioners the writ now asked could not properly be issued. So we deny their application for a rule, all the judges concurring in these views.