[Civ. No. 5117.   Second Appellate District, Division One.—June 1, 1925.]

LA MESA, LEMON GROVE AND SPRING VALLEY IRRIGATION DISTRICT (a Public Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

[1] EMINENT DOMAIN—PLEADING—ERRORS OF PROCEDURE—JURISDICTION. Specifications relating to defects or errors of procedure in eminent domain, such as that a municipality is not following the constitutional or statutory procedure for eminent domain, raise questions relating to the sufficiency of the complaint in the action, but they do not affect the jurisdiction of the court to determine the questions thus presented.

[2] ID.—JURISDICTIONAL FACTS — DETERMINATION BY CITY—CONSTITUTIONAL LAW—JURISDICTION.—Even though it should be held that the conclusive evidence provision of section 1241 of the Code of Civil Procedure, which authorizes a city by ordinance to determine certain jurisdictional facts in eminent domain, is unconstitutional, such conclusion would affect the jurisdiction of the court in the eminent domain action.

[3] ID.—CONDEMNATION OF PROPERTY OUTSIDE CITY.—The fact that the property sought to be condemned is outside the corporate limits of the city will not deprive the court of jurisdiction of the action.

[4] ID.—ABSENCE OF AUTHORITY TO MAINTAIN ACTION — PLEADING — PROHIBITION.—Prohibition will not lie to prevent a superior court

2.   See 10 Cal. Jur. 296.
3.   See 18 Cal. Jur. 803.
4.   See 10 Cal. Jur. 448.

from proceeding to hear an action in eminent domain, instituted by a city to condemn property outside its corporate limits for use as a waterworks, on the ground that the complaint in such action shows on its face that the city has not been authorized and is without authority to maintain any action to condemn the property sought to be taken.

(1) 20 **C. J.**, p. 911, n. 4 New, p. 915, n. 57, 58.   (2) 36 **Cyc.**, p. 981, n. 45.   (3) 20 **C. J.**, p. 538, n. 63.   (4) 32 **Cyc.**, p. 605, n. 34.

APPLICATION for a Writ of Prohibition to prevent the Superior Court of Orange County, and Z. B. West, R. Y. Williams and F. C. Drumm, Judges thereof, from proceeding with the trial of an action in eminent domain.   Petition denied.

The facts are stated in the opinion of the court.

Sweet, Stearns & Forward, Crouch & Sanders and Flint & MacKay for Petitioners.

No appearance for Respondents.

CONREY, P. J.—Application for alternative writ of prohibition.

By the petition, it appears that there is pending an action commenced by the city of San Diego against petitioners in the Superior Court of San Diego County, which action on change of venue was transferred to respondent Superior Court of the county of Orange.   Said action is to be tried on June 15, 1925, and, unless prevented by the issuance of an alternative writ of prohibition herein, respondent will proceed with the trial thereof.   Petitioners have stated several grounds upon which they claim that respondent court is without jurisdiction to hear or determine said action.

[1]   Concerning the claim that there is such want of jurisdiction because the city of San Diego is not following the constitutional or statutory procedure for eminent domain, the specifications relating to those defects or errors of procedure raise questions relating to the sufficiency of the complaint in the action.   We think, however, that they do not affect the jurisdiction of respondent court to determine the questions thus presented.

[2] Petitioners say that there is a want of jurisdiction because the provisions of section 1241 of the Code of Civil Procedure, authorizing a city by ordinance to determine certain jurisdictional facts in eminent domain, are unconstitutional. Said section 1241 provides that where the legislative body of the city shall have found and determined by resolution or ordinance that certain facts exist, such resolution or ordinance shall be conclusive evidence of the existence of certain conditions which are necessary in the exercise of the power of eminent domain. The point suggested by petitioners is that said section violates the constitutional provisions that all laws of a general nature shall have a uniform operation, and that the legislature shall not pass local or special laws in cases where a general law can be made applicable, because said section provides for the determination of certain facts by the legislative body of "a county, city and county, or an incorporated city or town," but does not give like authority to irrigation districts and other public bodies vested with the right to maintain proceedings in eminent domain. Even if it should be held that, for the reasons suggested by petitioners, the conclusive evidence clause of said section is unconstitutional, such conclusion would not affect the jurisdiction of the court in the action.

[3] Petitioners further contend that respondent court is without jurisdiction of said action because the property sought to be condemned is outside the corporate limits of the city of San Diego, and that the city of San Diego has no right by condemnation proceedings to acquire property outside the corporate limits. Citation is made of sundry authorities, which state the proposition that a municipal corporation can exercise the power of eminent domain only when expressly authorized by the legislature. Therefore, notwithstanding the fact that the statutes do give to cities the right to acquire property for public use, and conceding that the use of property for the waterworks of a city is a public use, yet it is contended that without express authority, this cannot include the right to acquire such property outside the corporate limits of the city. So it is contended that respondent court is without jurisdiction to authorize the condemnation of such property at the instance of the city and for the stated use. Counsel in presenting their

application conceded that on sundry occasions, cities in this state have been permitted to condemn lands and water rights, and rights of way for sewers, outside of city limits. But they say that they have not found any California decision directly upon the point which they now urge. It would seem that if there had been merit in the proposition, it would have been urged upon the attention of the trial court, or of the supreme court, in some of those cases which were more seriously litigated, such as *City of Los Angeles* v. *Pomeroy,* 124 Cal. 597 [57 Pac. 585], and *City of Pasadena* v. *Stimson,* 91 Cal. 238 [27 Pac. 604]. In *City of Pasadena* v. *Stimson,* at page 255, the court said: "In short, the plaintiff, being a city with sewage to dispose of, and having a sewer farm to which it has apparently a right to conduct it, has necessarily the right to construct such a sewer as the statute, section 1238 of the Code of Civil Procedure, contemplates. . . . " *McBean* v. *City of Fresno,* 112 Cal. 159, [53 Am. St. Rep. 191, 31 L. R. A. 794, 44 Pac. 358], was a case wherein the defendant city challenged the validity of a contract which it had made for the disposition of sewage by conveying it some distance from the city limits. The supreme court, holding that there was no force in this objection, said: "Proper sewers are in this day so essential to the hygiene and sanitation of a municipality, that a court would not look to see whether a power to construct and maintain them had been granted by the charter, but rather only to see whether by possibility the power had been expressly denied. . . . Disposition of the outfall is an essential part of the maintenance of a sewer system, and it must often be necessary for inland cities to arrange for that disposition without their corporate limits."

[4] Counsel for petitioners have stated in their brief that the right of prohibition in eminent domain proceedings has not been questioned in this state so far as they are aware. They therefore rely upon authorities taken from other states, and particularly upon the decision of the supreme court of Montana in *State ex rel. McLeod* v. *District Court,* 67 Mont. 164 [215 Pac. 240]. That is a case wherein it was held that upon the facts there presented the city of Livingston had no right to condemn and take for a public highway a strip of land outside the city limits, in order to connect the city with a park owned by it. And the court

further held that the writ of prohibition should issue to prevent the court from proceeding in the action.

We find, however, that there is direct authority in this state indicating that prohibition does not lie in this action, even if the objections of petitioners to the validity of the proceedings in the court below could be successfully maintained. In *Western Union Telegraph Company* v. *Superior Court,* in the third appellate district (15 Cal. App. 679 [115 Pac. 1091, 1100]), the petitioners applied for a writ of prohibition to prevent the superior court from proceeding in an action brought by the Postal Telegraph-Cable Company, a New York Corporation, to condemn certain property for use as a part of plaintiff's telegraph line. It was contended by petitioners that foreign telegraph corporations are not authorized by the laws of California to exercise the right of eminent domain, and that therefore the superior court was without jurisdiction in said action. The district court of appeal decided the case on its merits and discharged the alternative writ which had been issued. A petition having been presented for a rehearing of said cause in the supreme court, the court denied that petition without regard to the merits of the controversy, and upon the sole ground that the remedy by writ of prohibition was not available to the petitioners. The court said (page 701) : "It is sought by this proceeding to prohibit the superior court from hearing an application by a foreign corporation to condemn private property for a public use upon the ground that the superior court has no jurisdiction to listen to such an application by such a party. It is true that the capacity of a foreign corporation to exercise the power of eminent domain in this state is purely a question of law, but it is a question as much within the jurisdiction of the superior court as other questions of law arising in similar cases which are held to be reviewable here only on appeal." An interesting Missouri decision, based on the same principle, is found in *State ex rel. Union Depot R. Co.* v. *Southern R. Co.,* 100 Mo. 59 [13 S. W. 398].

Apparently, the situation here is essentially like that which was considered by the supreme court in *Western Union Telegraph Co.* v. *Superior Court, supra.* The contention of the petitioner there was, and the contention of petitioners here is, that the Superior Court is without jurisdiction to

hear and determine an action in eminent domain, if the case presented by the plaintiff in the action shows on its face that the plaintiff has not been authorized and is without authority to maintain any action to condemn the property sought to be taken.

The petition is denied.

Houser, J., and Curtis, J., concurred.