STATE of Missouri ex rel. Eunice WEBB and Randall Webb, Plaintiffs-Relators,

v.

Honorable Harold L. SATZ, Judge, Respondent.

STATE of Missouri ex rel. NORANDA ALUMINUM, INC., Relator,

v.

Honorable Keith P. BONDURANT, Judge, Respondent.

Nos. 60231 and 60269.

Supreme Court of Missouri, En Banc.

Feb. 8, 1978.

Ray A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for relators.

John J. Hummell, G. N. Beckemeier, Jr., Holtkamp, Beckemeier & Liese, St. Louis, for respondent.

Stephen H. Ringkamp, Hullverson, Hullverson & Frank, Inc., St. Louis, for amici.

Lawrence H. Rost, New Madrid, for relator.

William E. Simmons, Kansas City, for respondent.

SEILER, Judge.

These two cases, which have been consolidated and were argued here on the same date, involve the question of the proper venue in an action involving only corporate defendants. More precisely, the question is whether the language of the final clause of § 508.040, RSMo 1969, authorizes suit to be filed in any county where at least one of the corporate defendants has an office or agent for the transaction of usual and customary business or whether the clause applies only to a county, if one can be found, where each of the several corporate defendants maintain such an office or agent. We hold the former.

In the *Webb* case,[1] plaintiffs filed suit in the circuit court of the city of St. Louis against Ford Motor Company, the manufacturer, a Delaware corporation, and Valley Ford, Inc. the seller, a Missouri corporation with offices in St. Louis county, to recover damages for injuries incurred in St. Louis county by reason of alleged defects in a Ford automobile. Defendant Ford Motor Company was served in the city of St. Louis, where it maintains its registered agent. Defendant, Valley Ford, Inc., was served at its corporate office in St. Louis county.

In the *Noranda* case,[2] plaintiff filed suit in the circuit court of Jackson county, Missouri, against four corporate defendants,

---

1. The *Webb* case is a prohibition action transferred here after the court of appeals, St. Louis district, had quashed its preliminary writ. Rule 83.03.

2. The *Noranda* case, also prohibition, was transferred here from the court of appeals, Kansas City district, prior to opinion, at the request of the parties. Rule 83.06.

three of which had their registered offices in the city of St. Louis, while the fourth had its in St. Louis county. Of the four corporate defendants, only one maintains an office and agent for the transaction of its usual and customary business in Jackson county. The cause of action arose in New Madrid county.

In both these cases it is claimed by the original defendants that venue is improper; that in the *Webb* case, the action did not accrue in the city of St. Louis, and that in the *Noranda* case, the action did not accrue in Jackson county, and that in neither case did each one of the corporate defendants have an office or place of business in the county where suit was filed; that § 508.040, RSMo 1969, requires actions against multiple corporate defendants to be brought either in the county where all such defendants maintain an office or agent or in the county where the cause of action accrued. Therefore, it is maintained that neither of the actions can proceed over the venue objections of defendants.

Section 508.040 provides as follows:

Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

While there are cases which declare, and properly so, that § 508.040 is the applicable venue statute when a corporation is the sole defendant, *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62 (banc 1956); *McNeal v. Manchester Insurance & Indemnity Company*, 540 S.W.2d 113 (Mo.App. 1976), and there are other cases, to which we refer later herein, declaring § 508.040 is applicable *only* when a corporation is the sole defendant, the present situation, where each of the several defendants is a corporation and suit is filed not in the county where the cause of action arose, but in a county where only one of the corporate defendants has the requisite type of office and agent, has not been before the court for decision.

The development of the statute over the years does not throw much light on the situation, other than to display a consistent pattern of broadly subjecting corporations to suit. The predecessor of § 508.040 goes back to the Revised Statutes of 1845. Chapter 34 of that revision dealt with corporations and was divided into two articles: the first dealt with the general powers, etc., of corporations; the second dealt with the mode of procedure against corporations. Article II, § 4 provided "Suits against corporations shall be commenced in the proper court of the county wherein the general meetings of the members, or the officers of such corporation, have usually been holden, or by law, ought to have been holden."

In the 1855 revision, Art. II, Sec. 4 was changed to read as follows: "Suits against corporations shall be commenced, either in the county where the cause of action accrued, or in any county where such corporation shall have, or usually keep, an office or agent for the transaction of their usual and customary business." Chapter 34, Art. II, § 4, p. 376.

The statutes on corporations were changed in 1866, following the change made in the 1865 constitution whereby corporations were to be organized under general laws rather than by specific legislative action, but no change was made in the venue provisions. They remained the same as in the 1855 revision. Laws 1866, Ch. 69, § 26, p. 24, approved March 19, 1866.

However, in the 1866 revision, published in August 1866 and known as the "General Statutes of Missouri", two small changes were made, Ch. 62, § 26, p. 330. The comma after the word "commenced" was deleted and the word "corporation" in the final clause was changed to the plural "corporations". The 1866 revision read as follows: "Suits against corporations shall be commenced either in the county where the cause of action accrued, or in any county

where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." No explanation appears for these changes, nor have we been able to find a session act making such changes.

There was no further change until 1903, when by S.B. 250, approved March 3, 1903, the provisions about suit against a railroad company were added. Laws 1903, p. 115. We note that the title of S.B. 250 is quite broad. It reads, "to amend sections 995 and 997 of article 1, chapter 12, of the Revised Statutes of Missouri, of 1899, relating to the service of summons in actions against corporations and where the same may be instituted and presented."

Thereafter the statute has remained unchanged.

We observe that the statute commences in broad terms by stating that "Suits against corporations shall be commenced"; this language refers both to a suit against a single corporation or against several corporations. There is nothing which would in the ordinary understanding of these words limit their application to one or the other and not include both. The statute then, after first naming the county where the cause of action accrued as one place for venue, and then making provision for railroads, goes on to provide that venue will also lie "in any county where such corporations" have certain offices or agents. The words "in any county" are plain enough. What is meant by the next succeeding words, "where such corporations"?

These words refer back to the corporations against which suits can be commenced mentioned at the beginning of the sentence and, as said, this can be either one or more. Accordingly, the meaning is that any county where one or more of the corporations has an office or agent of the specified type is a county where an action against corporations can be commenced. The statute applies, true, when the only defendant is a single corporation, but to declare that it has no application when there are plural defendants, all corporations, is to ignore the broad language with which the statute begins. Thus, venue in both cases before us is proper.

Earlier cases, *e. g., State ex rel. Bowden v. Jensen*, 359 S.W.2d 343, 350 (Mo.banc 1962); *State ex rel. Whiteman v. James*, 364 Mo. 589, 265 S.W.2d 298, 299 (banc 1954); *State ex rel. Clay County State Bank v. Waltner*, 346 Mo. 1138, 145 S.W.2d 152, 156 (1940); *State ex rel. Atkinson Paving Co. v. Aronson*, 345 Mo. 937, 138 S.W.2d 1, 2 (1940); *State ex rel. Henning v. Williams*, 345 Mo. 22, 131 S.W.2d 561, 563 (banc 1939); *State ex rel. Columbia National Bank v. Davis*, 314 Mo. 373, 284 S.W. 464, 470 (banc 1926), to the extent they declare that § 508.040 is limited in application to the situation where a corporation is the sole defendant, should no longer be followed.

In No. 60231, *State ex rel. Webb et al. v. Satz*, the writ of prohibition is made absolute. In No. 60269, *State ex rel. Noranda Aluminum v. Bondurant*, the provisional rule is quashed.

All of the Judges concur.