STATE of Missouri ex rel. Leslie PARKS and Betty Parks, Plaintiffs,

v.

Honorable James S. CORCORAN, Judge, of the Circuit Court of the City of St. Louis, Division No. 1, Defendant.

No. 44882.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 1, 1981.

Brian A. McKinsey, Clayton, for plaintiffs.

Robert G. Burridge, St. Louis, for Emergency Physicians Agency.

Kemper Coffelt, Clayton, for Sisters of St. Mary.

STEWART, Judge.

This is an original proceeding in mandamus by which plaintiffs seek to have our peremptory writ of mandamus directing defendant to vacate his order dismissing plaintiffs' action against Sisters of St. Mary and Emergency Physicians, Inc. for lack of venue.

The underlying litigation is a suit for injuries in two counts. Count I is an action for injuries alleged to have been suffered by plaintiff Leslie Parks as a result of medical malpractice by the defendants in that action. Count II is an action for loss of consortium brought by Betty Parks, the wife of Leslie Parks. The incident giving rise to this action occurred in St. Louis County. Defendant Sisters of St. Mary is a Missouri corporation engaged in the business of operating hospitals with its registered agent located in St. Louis County. Emergency Physicians Agency, Inc., is a Missouri corporation engaged in the business of providing medical and health services. Its registered agent for service of process is located in St. Louis County. The usual customary business of these defendants is conducted solely in St. Louis County. Defendant Bellevue Radiology is a Missouri corporation that conducts its usual and customary business solely in St. Louis County. Its registered agent for service of process is located in the City of St. Louis. The fourth defendant is an individual, Dr. J. J. McNamara whose residence is in St. Louis County. The trial court, upon motions of Sisters of St. Mary and Emergency Physicians, Inc., dismissed the action as to these parties for lack of venue for the reason that the corporate venue statute § 508.040 RSMo 1978 applies to this case and because none of the corporate defendants "have or usually keep an office or agent for the transaction of their usual and customary business" in the City of St. Louis.

Upon petition of plaintiffs we issued our preliminary order in mandamus. Since the issuance of our preliminary order the defendant in this proceeding has dismissed the action as to J. J. McNamara, M.D. Plaintiffs have filed a motion with this court seeking leave to amend their petition in mandamus and ask that we amend our preliminary writ so as to bring the entire matter before us at one time. We shall treat the petition and our preliminary order as amended in order to expedite disposition of the issues raised by reason of the actions of the trial court. The amendment will not make a material change in our considera-

tion of the issues which have been thoroughly and ably presented by the pleadings and briefs of the parties.

It is plaintiffs' contention that the general venue statute § 508.010(2) RSMo 1978 which provides that "[w]hen there are several defendants and they reside in different counties, the suit may be brought in any such county" is applicable in this case; that the "[r]esidence of any corporation" is "the county where its registered office is maintained," § 351.375(3) RSMo 1978; that the defendant Bellevue is a resident of the City of St. Louis thus venue is properly in the City of St. Louis.

Defendant takes the position that the corporate venue statute, § 508.040 RSMo 1978, applies and because none of the corporate defendants maintain an office or agent for the transaction of its usual or customary business, venue in the City of St. Louis was improper.

It has long been held that when one or more corporations are sued along with one or more individuals, § 508.010(2) RSMo 1978 is applicable and that the county of residence of corporations in such circumstances is the county in which they maintain their registered office. *State ex rel. Whiteman v. James*, 364 Mo. 589, 265 S.W.2d 298 (Mo.banc 1954); *State ex rel. Columbia National Bank v. Davis*, 314 Mo. 373, 284 S.W. 464 (Mo.banc 1926). The recent case of *State ex rel. Allen v. Barker*, 581 S.W.2d 818 (Mo.banc 1979) reaffirms the holdings in these cases. See also *State ex rel. Hails v. Lasky*, 546 S.W.2d 512 (Mo. App.1977).

Defendant recognizes "that many of the decided cases would appear to support [the above] view of the matter." He argues, however, that the reasoning in the early cases is flawed and was repudiated and disapproved in *State ex rel. Webb v. Satz*, 561 S.W.2d 113 (Mo.banc 1978).

In *State ex rel. Webb v. Satz, supra*, two corporate defendants were sued. Based upon statements made in the earlier cases to the effect that § 508.040 RSMo 1969, the corporate statute, applies only when a corporation is the sole defendant, it was urged that § 508.040 RSMo 1969 was not applicable because there were plural corporate defendants. The court held that § 508.040 RSMo 1969 applied "when there are plural defendants all corporations." It overrules only that portion of the early cases that held that § 508.040 RSMo 1969 is applicable only when a corporation is the sole defendant in a case.

The rule in *State ex rel. Columbia National Bank v. Davis, supra*, and its progeny, is still effective except as to the change made by *State ex rel. Webb v. Satz, supra*.

We find no flaw in the logic of those cases when we consider the policy of the legislature and the courts which "display a pattern of broadly subjecting corporations to suit." *State ex rel. Webb v. Satz supra*, at 114. In any event we are bound to follow the last controlling case of the Supreme Court of Missouri. The latest case, *State ex rel. Allen v. Barker, supra*, unequivocally holds that when corporations and individual defendants are properly joined, the general venue statute, § 508.010 RSMo 1978 is applicable. That statute is applicable in this case.

Our preliminary order as amended is made absolute.

STEPHAN, P. J., and SNYDER, J., concur.