David JOHNSON and Joan Johnson,
Plaintiffs-Relators,

v.

Honorable John R. RICKHOFF, Judge, of
the Circuit Court of the County of St.
Louis, Division No. 13, Defendant-Re-
spondent.

No. 45752.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 22, 1983.

Paul C. Hetterman, St. Louis, for plain-
tiffs-relators.

Ronald R. McMillin, Jefferson City, Ray-
mond C. Lewis, Hamp Ford, Columbia, for
defendant-respondent.

SIMON, Judge.

David Johnson and Joan Johnson, hus-
band and wife, are plaintiffs-relators in this
mandamus proceeding.[1] They filed a peti-
tion for damages grounded upon medical
malpractice against four defendants, three
individual physicians and the Sisters of St.
Mary, a corporation doing business as St.
Mary's Health Center, in the Circuit Court
of St. Louis County, for injuries sustained
by David Johnson while a patient at the St.
Mary's Health Center in Jefferson City,
Missouri. In response to said petition, mo-

---

1. We shall refer to the parties in accordance
with their standing in the trial court in the
malpractice action. The defendant-respondent
Judge of the Circuit Court shall be referred to
as "respondent."

tions to dismiss for improper venue were filed.

The Sisters of St. Mary is a charitable association incorporated pursuant to § 352.-010, et seq.[2] It owns and operates St. Mary's Health Care Center in Jefferson City, Missouri providing health care facilities to the general public, and the hospital of the same name located in St. Louis County, Missouri. The Sisters of St. Mary does not have, nor is it required to have, pursuant to Chapter 352, a registered office or registered agent for the receipt of service of process.

The respondent, Judge John R. Rickhoff, entered an order dismissing plaintiffs' petition for improper venue. Plaintiffs applied to this Court for a Writ of Mandamus directing respondent to withdraw his order of dismissal and to enter an order overruling defendants' motions to dismiss. Subsequently, we entered our preliminary Order in Mandamus.

■ The validity of an order dismissing a petition for lack of venue may be tested by mandamus. *State ex rel. Hails v. Lasky,* 546 S.W.2d 512, 514[1] (Mo.App.1977). Plaintiffs contend that the Sisters of St. Mary resides in St. Louis County, and, therefore, under § 508.010(2), venue for this action lies in St. Louis County. Defendants contend venue is proper only under § 508.-010(6) where the cause of action accrued, i.e., Cole County.

The sole issue presented is unique, and apparently, one of first impression: whether venue, in a tort action brought against a religious and charitable corporation, organized under Chapter 352, and individual defendants, lies in the county where the corporation has a place of business, but not a registered agent or registered office, and where the tort action did not accrue and where none of the individual defendants reside.

It is basic that since the Sisters of St. Mary was incorporated pursuant to Chapter 352, it is a resident of the State of Missouri. But, the crucial issue is the determination of its specific residence for venue purposes within the state.

Section 508.010 is the general venue statute. In pertinent part, it provides:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

(1) . . .

(2) Where there are several defendants, and they reside in different counties, the suit may be brought in any such county;

(3) . . .

(4) . . .

(5) . . .

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, . . .

Additionally, the corporate venue statute, § 508.040 in pertinent part provides:

Suits against corporations shall be commenced either in the county where the cause of action accrued, . . . or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

■ Initially, it appears that § 508.040 would be applicable, and thus resolve the issue presented. However, § 508.040 applies only to corporate defendants and cannot be used to establish venue where individual defendants are joined with corporate defendants. *See: State ex rel. Webb v. Satz,* 561 S.W.2d 113, 114 (Mo. banc 1978), *modified on other grounds,* 606 S.W.2d 176 (Mo. banc 1980); *State ex rel. Parks v. Corcoran,* 625 S.W.2d 686, 688[2] (Mo.App. 1981).

If the Sisters of St. Mary resides in St. Louis County, then venue would be proper. Section 508.010(2). *See also: Parks* at 688[1]. The parties agree that a corporation resides where its registered agent and registered office is located. *See: Hails,* 546 S.W.2d at 515[4]. However, since the Sisters of St. Mary is not required to, nor does

---

**2.** All statutory reference shall be RSMo 1978 unless otherwise noted.

it have a registered agent or office, an ambiguity results.[3]

The Sisters of St. Mary come within the purview of Chapter 352, which permits an association formed for benevolent purposes to incorporate. Any number of persons not less than three, who have associated themselves by written articles of agreement setting itself forth as a society, company, association or organization formed for benevolent, religious, scientific, fraternal-beneficial or educational purposes may be consolidated and united into a corporation. Section 352.010. The persons holding the offices respectively of president, secretary and treasurer, "... shall submit to the circuit court having jurisdiction in the city of county where such association is located, the articles of agreement, with a petition praying for a pro forma decree thereon." Section 352.060.1. An incorporated religious or charitable association may change its location from one county to another in this state "... by filing with the circuit court of the county or city to which it proposes to move, a certified copy of its articles of association accompanied by a petition signed by the persons holding the offices of president, secretary and treasurer ... asking that the corporation be moved and reincorporated in the county or city to which it wishes to move, with all of its rights, franchises and properties that it then has." Section 352.080.1.

■ Clearly, a corporation created pursuant to Chapter 352, is located within the county where its articles of agreement have been filed. From this, we can conclude that such a corporation would be a resident of that county. The record here does not disclose the county where the Sisters of St. Mary's articles of agreement have been filed. Further, we find nothing in Chapter 352 to suggest that a corporation, by maintaining an office and agent in a certain county, becomes a resident of that county for venue purposes. To create a residence

for the corporation based upon the sole fact that it maintains an office and agent in that county would be within the discretion of the legislature, not the judiciary.

■ The plaintiffs, relying on the rationale of *State ex rel. Henning v. Williams,* 345 Mo. 22, 131 S.W.2d 561 (Mo. banc 1939) and *State ex rel. Stamm v. Mayfield,* 340 S.W.2d 631 (Mo. banc 1960), conclude that the residence for venue purposes of the Sisters of St. Mary is in St. Louis County due to the fact that it maintains an office and agent within that county.

The holdings in both *Henning* and *Stamm* were the result of our Supreme Court construing statutory provisions pertaining to domestic and foreign business and insurance corporations in harmony with the language of the general venue statute to define the residence for venue purposes of a foreign corporation doing business in Missouri. The underlying rationale of *Henning* and *Stamm* is based on the principle set forth in *Henning:*

> Speaking of foreign corporations in general, we think the principle upon which this case must be decided has been settled by our decisions for many years. That principle or rule is that when a foreign corporation enters this state and complies with our laws by setting up one or more offices or agencies for the transaction of its usual and customary business, where service of process may be obtained upon it, it becomes to that extent domesticated, and is amenable to service on the same basis as domestic corporations. We cite excerpts from several cases expressing this view. *Id.* at 564[6].

That principle, however, is not applicable to the Sisters of St. Mary. The Sisters of St. Mary is a domestic corporation, created pursuant to Chapter 352. We are limited to construing § 508.010(2) in harmony with the provisions of Chapter 352, and we find no basis to suggest that the Sisters of St.

**3.** *See: Parks,* 625 S.W.2d at 687. Curiously, the *Parks* facts stated that the Sisters of St. Mary is a Missouri corporation engaged in the business of operating hospitals with its regis-

tered agent located in St. Louis County. This fact does not appear in the trial court record and is, therefore, not before us.

Mary is a resident of St. Louis County under the facts of this case.

Accordingly, we quash our preliminary order.

CRANDALL, J., concurs.

SATZ, P.J., concurs in result.