**STATE ex rel. Barrett TOAN,**
**Plaintiff-Relator,**

v.

**The Honorable James McHENRY,**
**Defendant-Respondent.**

**No. WD 34697.**

Missouri Court of Appeals,
Western District.

Nov. 15, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 28, 1983.

Application to Transfer Denied
Feb. 15, 1984.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-relator.

Lori J. Levine, Carson, Monaco, Coil, Riley & McMillin, P.C., Jefferson City, for defendant-respondent.

Before CLARK, P.J., TURNAGE, C.J., and LOWENSTEIN, J.

ORIGINAL PROCEEDING IN PROHIBITION

TURNAGE, Chief Judge.

Barrett Toan, Director of the Department of Social Services, seeks to prohibit Judge James McHenry, of the Circuit Court of Cole County, from proceeding on a petition for slander filed against Toan. The petition against Toan was filed by Dale Witte and alleged that Toan had slandered Witte during an interview which Toan gave to a news reporter. The reporter's interview with Toan followed the release of an audit of the Missouri Medicaid program published by the state auditor. The audit stated that the office of the Department of Social Services had created an excess amount of money in several accounts for use of programs other than those for which the funds had been designated by the General Assembly. The audit stated this was done by means of overspending state

accounts and by falsely changing state accounting records.

After alleging these facts, the petition alleged that Toan told the news reporter that Witte was responsible for the statements made in the audit. The petition alleged that an article was printed in the Sunday News Tribune in Jefferson City quoting Toan as saying that Witte resigned as Director of the Division of the Department of Finance after Toan and Witte discussed the issues involved. The article quoted Toan as saying that he would have fired Witte if Witte had not resigned. The article concluded by stating that Toan had said he had taken steps to see that such action did not happen again.

Toan filed a motion to dismiss the petition on the ground that it failed to state a cause of action because the facts pleaded showed that the allegedly slanderous statement was made in circumstances in which Toan had an absolute privilege. Toan's theory is that the petition alleges that he is a cabinet level state official who made the statement to the public within the scope of his authority and duty to account to the public for the operations of his department of government. Toan alleges that under such circumstances his remarks were protected by an absolute privilege.

Although Toan vigorously contends that the facts pleaded in the petition show he is entitled to an absolute privilege, he concedes that there is no statute or decision in this state which confers such privilege. Toan thus relies on out-of-state and text authority for his defense of absolute privilege.

Toan does not question that the circuit judge has jurisdiction of the subject matter and of the parties to this suit. In *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo. banc 1983), the court expressly adopted the position taken by the court in *State ex rel. Union Depot Ry. Co. v. Valliant, J.*, 100 Mo. 59, 61, 13 S.W. 398 (1890). In *Morasch* the court quoted from *Union Depot* to the effect that whether particular facts on which a court proceeds are, or are not, sufficient to justify its exercise of jurisdiction is a question of law, and the solution by the court of that question cannot impair the court's right to exercise its judicial power in accordance with its view of the law and facts. The court further quoted from *Union Depot* as follows:

> For instance, where a court has jurisdiction to render judgments, in ordinary civil causes, it would be manifestly improper to issue a writ of prohibition against it on an application alleging that it was about to pronounce such a judgment on a petition which did not state a cause of action, but which the trial court had held sufficient, or because the latter had ruled erroneously that the plaintiff had a legal capacity to maintain the action.

The court in *Morasch* pointed out that the rule in *Union Depot* had given way over the years to a different standard, but the court said "[t]he *Union Depot* position is as sound today as it was in 1890."

The circuit court had jurisdiction of the parties and of the subject matter in this suit against Toan. The court had a clean slate on which to act on whether or not Toan was entitled to an absolute privilege. The decision of the circuit court on that question constitutes a ruling on a question of law and does not amount to an act in excess of jurisdiction. Toan would have this court rule at this time on the question of whether or not he had an absolute privilege. Under the decision in *Morasch*, the question to be addressed at this stage of the proceedings is whether or not the circuit court had jurisdiction and not the correctness of a ruling on a question of law. The circuit court has jurisdiction of this cause and is free to rule on questions of law according to its view of the facts and the law. The appropriate time to rule on the question of absolute privilege will arrive when and if an appeal is taken from a final judgment.

The preliminary order in prohibition is discharged.

All concur.