**STATE ex rel. DICK PROCTOR IMPORTS, INC., d/b/a Proctor Sales, et al., Relators,**

v.

**Hon. Gary M. GAERTNER, Judge, St. Louis City Circuit Court, Respondent.**

No. 65451.

Supreme Court of Missouri,
En Banc.

June 19, 1984.

Peter B. Hoffman, Joseph M. Kortenhof, St. Louis, for relators.

James E. Whaley, Kevin C. Roberts, St. Louis, for respondent.

BILLINGS, Judge.

Original proceeding to prohibit the Honorable Gary M. Gaertner, Judge of the Circuit Court of the City of St. Louis, from proceeding further in a suit filed by Thomas A. Kerting for personal injuries he sustained during the operation of a tractor and attached brush cutting implement. We quash our preliminary order.

Defendants in the underlying lawsuit are four corporations and one individual. The corporate defendants are Ford Motor Co. (Ford), Big-Bee Metal Manufacturing, Inc. (Big-Bee), Darrell Harp Enterprises (Harp Enterprises), and Dick Proctor Imports, Inc., d/b/a Proctor Sales (Proctor Sales). Richard H. Proctor is the sole individual defendant. Service was obtained on Ford in St. Louis City on its agent designated for service of process. Big-Bee and Harp Enterprises are Mississippi and Alabama corporations, respectively, and summons for each of these defendants was served on their registered agent out of state. Proctor Sales is a Missouri corporation with offices in St. Louis County. Richard H. Proctor, an individual residing in St. Louis County, was served as an individual and as the registered agent for Proctor Sales.

Ford and Harp Enterprises filed motions to dismiss the petition for improper venue. Relators jointly moved to dismiss for improper venue and relator Richard H. Proctor separately moved to dismiss for failure to state a claim. The trial court overruled all motions. Relators Proctor Sales and Richard H. Proctor sought a writ of prohibition from the Missouri Court of Appeals, Eastern District. The court of appeals denied the petition and relators filed the instant proceeding.

■ All defendants except Richard H. Proctor are corporations. None of these corporations maintain an office or agent for the transaction of their usual and customary business in the City of St. Louis. Defendant Ford has a registered agent located in the City of St. Louis. Where all of the defendants are corporations, § 508.040, RSMo 1978, the corporate venue statute applies. Section 508.040 provides in pertinent part:

> Suits against corporations shall be commenced either in the county where the cause of action accrued, ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

where the *corporate* venue statute applies, the presence of a registered agent is not sufficient for venue in the City of St. Louis. *See State ex rel. Whaley v. Gaertner*, 605 S.W.2d 506, 507–08 (Mo.App.1980). However, when one or more corporations are sued along with one or more individuals, the general venue statute, § 508.010, RSMo 1978, is applicable. Under this statute, the county of residence of a corpora-

tion is the county in which it maintains its registered office. *See State ex rel. Parks v. Corcoran,* 625 S.W.2d 686, 688 (Mo.App. 1981). Section 508.010 provides in pertinent part:

> Suits instituted by summons shall, except as otherwise provided by law, be brought:
>
>       \*      \* '      \*      \*      \*      \*
>
> (3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides.

Here, we have two non-resident defendants (Big-Bee and Harp Enterprises) and three resident defendants (Ford because of its registered agent in the City of St. Louis and Proctor Sales and Richard H. Proctor both of St. Louis County). Consequently, venue would be proper in either the City of St. Louis or in St. Louis County by reason of the joinder of individual defendant Richard H. Proctor.

Relators argue that under the law of Missouri no cause of action is stated under plaintiff's petition against defendant Richard H. Proctor. Their theory for the instant writ is that respondent improperly denied their motion to dismiss as to defendant Richard H. Proctor for failing to state a cause of action and that absent said defendant, venue is improper in the City of St. Louis; further, respondent has exceeded his jurisdiction for failing to dismiss the case for improper venue.

■ Relators' position is merely an attempt to achieve interlocutory review of alleged trial court error via the extraordinary writ of prohibition. We reject such an abuse of the writ. In *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), we recognized that the constitu-

tional limits on judicial authority to effect appellate jurisdiction are violated by over-generous use of the writ of prohibition. *Id.* at 891.

■ Relators do not question that the circuit judge has jurisdiction of the subject matter and of the parties of the suit. In *Morasch* we expressly adopted the position taken by the court in *State ex rel. Union Depot Ry. Co. v. Valliant,* 100 Mo. 59, 13 S.W. 398 (1890). *Morasch* quoted from *Union Depot* as follows:

> Whether the particular facts on which the court proceeds in that regard are, or are not, sufficient to justify its exercise of jurisdiction, is a question of law, the solution of which either way cannot impair the court's right to apply its judicial power in the premises according to its view of the law and the facts before it. For instance, where a court has jurisdiction to render judgments, in ordinary civil causes, it would be manifestly improper to issue a writ of prohibition against it on an application alleging that it was about to pronounce such a judgment on a petition which did not state a cause of action, but which the trial court had held sufficient.

654 S.W.2d at 890–91.

■ Relators' theory for prohibition requests that we review and overturn the trial court's ruling that plaintiff's petition stated a cause of action against Richard H. Proctor.[1] Whether the petition asserts relief under the theories claimed by plaintiff or under some other theory pose questions of law for the trial court to determine, and it was clearly invested with the power and the jurisdiction to determine questions of stating claims for relief. *See State ex rel. Toan v. McHenry,* 663 S.W.2d 307, 308 (Mo.App.1983); *State ex rel. Landmark*

---

1. Relators do not allege fraudulent or pretensive joinder. To show fraudulent joinder, the movant must prove plaintiff did not have an *honest belief* under the law and evidence that he had a justiciable claim against the defendant. If joinder was initially proper, the trial court retains jurisdiction and proper venue even where the resident defendant is dismissed on the eve of trial. *See White v. Burkeybile,* 386 S.W.2d 418,

426 (Mo.1965); *Rakestraw v. Norris,* 478 S.W.2d 409, 414–15 (Mo.App.1972). Here, relators argue that we are compelled to find improper joinder *after* we first examine the merits of plaintiff's petition and conclude that the trial court incorrectly determined the substantive law in denying the motion to dismiss the individual defendant for failing to state a claim against him.

*KCI Bank v. Stuckey,* 661 S.W.2d 58, 60 (Mo.App.1983). In *Morasch* we refused to review such trial court decisions. We decline Relators' invitation to contradict and undermine our decision in *Morasch.*

The preliminary order in prohibition is quashed.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN, and DONNELLY, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

BLACKMAR, Judge, concurring.

I concur, saving my criticism of *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), as set forth in my Opinion Concurring in Result, and my observations in *State ex rel. General Electric Company v. Gaertner,* 666 S.W.2d 764 (Mo. banc 1984) as to the apparent disowning of *Morasch* by its author and two other Judges who concurred in it.