Kenneth BIRDSONG, Carol Birdsong,
and Son-Ton, Inc.,
Plaintiffs-Relators,

v.

The Honorable George A. ADOLF, Judge
of the Circuit Court of the City of St.
Louis, Missouri, Defendant-Respon-
dent.

No. 52464.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1987.

Sam P. Rynearson, Gerre S. Langton, Kevin P. Schnurbusch, Evans & Dixon, St. Louis, for plaintiffs-relators.

Michael J. McAvoy, McAvoy and Bumb, P.C., Fenton, for defendant-respondent.

SNYDER, Chief Judge.

Relators petition this court for a writ of prohibition to prevent the respondent circuit judge from exercising jurisdiction in a case now pending in the circuit court of the City of St. Louis, entitled *Asberry, et al. v. Union Electric, et al.,* cause number 832–05064.

Relators, defendants in the underlying suit, had filed a motion to dismiss the cause for improper and fraudulent venue asserting that plaintiff Asberry's joinder of defendant, Union Electric was pretensive and for the sole purpose of establishing venue within the City of St. Louis. Respondent denied defendant's motion and refused to dismiss the case. Relators then filed their petition in prohibition requesting that respondent be ordered to refrain from all action in the case. This court issued its preliminary writ in prohibition which is now made permanent.

Maureen Shea Asberry, plaintiff in the underlying action, seeks damages for injuries she sustained when she jumped or dove from a 70–foot high bluff into the Lake of the Ozarks. The bluff was located on land leased by, and under the control of, the Union Electric Company.

The Union Electric Company's leased land was adjacent to the property on which was situated the Shawnee Bluff Motor Inn, a motel owned and operated by Relator Son-Ton, Inc.

Mr. and Mrs. Asberry were guests at the Shawnee Bluff Motor Inn. Mrs. Asberry went from the Inn property to the Union Electric property, stood on the bluff, looked the situation over before jumping, and then jumped to the edge of the lake below, sustaining injuries for which she claims damages.

Plaintiff Asberry brought suit to recover damages against Mr. and Mrs. Birdsong (alleged agents of Son-Ton, Inc.), Son-Ton, Inc., and Union Electric in the Circuit Court of the City of St. Louis. When there are several defendants and they reside in different counties, suit may be brought in any county where a defendant resides. Section 508.010(2) RSMo.1986. Union Electric, of course, is a resident of the City of St. Louis, but the other defendants neither reside in the City of St. Louis, nor in any other way are they amenable to suit in St. Louis. Venue is therefore proper in the City of St. Louis only if Union Electric may be continued as a defendant in the lawsuit.

Relators argue that a writ of prohibition should be granted as respondent exceeded his jurisdiction in denying their motion to dismiss for fraudulent and improper venue because there are no reasonable grounds or theory under which Union Electric can be held liable to the Asberrys and retained as a defendant in the suit. Relators' point is well taken.

██ Prohibition is essentially a means to prevent usurpation of judicial power, confine inferior courts and agencies to their proper jurisdiction, and prevent them from acting without or in excess of their jurisdiction. *State ex rel. McDonnell Douglas Corp. v. Gaertner,* 601 S.W.2d 295 (Mo. App.1980).

██ Respondent contends, however, that relators failed to make a timely application for a writ because they allowed entry of the order denying the motion to dismiss for lack of venue, and for that reason prohibition will not lie. Respondent's argument is unpersuasive. Prohibition is proper to prevent the exercise of non-existent jurisdiction. *State ex rel. Eagle Oil Co. v. Tillman,* 712 S.W.2d 20, 23 (Mo.App.1986). Without proper venue the respondent trial judge is without jurisdiction to act and prohibition will lie, at the discretion of this court, to prevent respondent from bringing the case to trial. *State ex rel. Coca Cola Bottling Co. v. Gaertner,* 681 S.W.2d 445, 448 (Mo. banc 1984).

■ It is of no consequence that relators allowed entry of the order denying the motion to dismiss before petitioning for a writ of prohibition. Although prohibition is ordinarily preventive rather than corrective in nature, the remedy is available where a judicial body is proceeding without jurisdiction and part of its action remains to be performed. *State ex rel. Ellis v. Creech,* 364 Mo. 92, 259 S.W.2d 372 (Mo. banc 1953); *State ex rel. Ferrell v. Heckemeyer,* 629 S.W.2d 642, 644 (Mo.App.1982). If respondent is without jurisdiction to proceed in the case because of improper venue, he may be prohibited from doing so.

Respondent cites *State ex rel. Dick Proctor Imports, Inc. v. Gaertner,* 671 S.W.2d 273 (Mo. banc 1984) for the proposition that prohibition is not available where a trial court denies a motion to dismiss a case for failure to state a cause of action and for failure to dismiss for improper venue.

Respondent's reliance on *Dick Proctor Imports,* however, is misplaced. In that case the relators did not allege fraudulent or pretensive joinder. Rather, relators prayed that the court find improper joinder, not based on fraud or pretense, but upon the hypothesis that the trial court erroneously determined the substantive law in denying a motion to dismiss an individual defendant for failure to state a claim for relief against him. *Dick Proctor Imports,* 671 S.W.2d at 275, n. 1.

The Missouri Supreme Court in *Dick Proctor Imports* quashed its own preliminary order in prohibition, ruling that the trial court was clearly invested with the jurisdiction to determine the question whether a petition stated a claim for relief. *Id.* at 275. There was no allegation of fraudulent or pretensive joinder in that case, the controlling issue here.

■ If, in the case under review, this court finds venue improper because of pretensive joinder, prohibition will lie to prevent the respondent judge from exercising jurisdiction. Venue is improper if a plaintiff pretensively joins a defendant in an attempt to acquire venue. *State ex rel. Coca Cola Bottling Co. v. Gaertner,* 681 S.W.2d 445, 447 (Mo. banc 1984). The burden of proof is upon plaintiffs to show an honest belief that there is a justiciable claim against the resident party. *Polk County Bank v. Spitz,* 690 S.W.2d 192, 194 (Mo.App.1985); *Rakestraw v. Norris,* 478 S.W.2d 409, 414 (Mo.App.1972); *Wadlow v. Donald Lindner Homes, Inc.,* 654 S.W.2d 644, 646–7 (Mo.App.1972).

Unless it appears from the record, pleadings, and facts presented that the resident defendant may be held liable on any reasonable ground or theory, joinder is not justified and the cause must be dismissed. *State ex rel. Coca Cola Bottling Co.,* 681 S.W.2d at 447; *Rakestraw,* 478 S.W.2d at 414; *Wadlow,* 654 S.W.2d at 646–7.

■ The injured plaintiff was either a trespasser or, at best, a licensee. If she were a trespasser, Union Electric patently would owe her no duty under the facts of this case. Assuming, without deciding, that she was a licensee, her status as such would determine the duty owed her by Union Electric. *Singleton v. Charlebois Construction Co.,* 690 S.W.2d 845, 847 (Mo.App.1985); *Cunningham v. Hayes,* 463 S.W.2d 555, 558 (Mo.App.1971). In *Wells v. Goforth,* 443 S.W.2d 155, 158 (Mo. banc 1969), the Missouri Supreme Court adopted the rule stated in 2 Restatement, Law of Torts, First, § 342 (1934) which establishes the duty owed by possessors of land to licensees who enter thereupon. Section 342 provides:

A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

(i) to make the condition reasonably safe, or

(ii) to warn them of the condition and the risk involved therein.

**734**

■ The records, pleadings and facts presented lead to the conclusion that defendant Union Electric owed no duty to the plaintiff Asberry and therefore may not be held liable on any reasonable ground or theory. There are no allegations on the record that Union Electric had knowledge that people used the bluffs on their property for jumping or that the water below the bluffs was too shallow for jumping. More important, the record is completely void of any claim that there exists evidence to support such allegations if made. Union Electric had no duty to the Asberrys because it was not aware of the condition.

Furthermore, there is nothing in the record to indicate that Union Electric had reason to believe that a gratuitous licensee would not discover the condition or realize the risk. The condition was open and obvious, a 70–foot bluff lined with trees, dropping to the lake below. Missouri courts have held that a possessor of land is under no duty to protect even invitees or children from dangerous conditions which are open and obvious, *Larrea v. Ozark Water Ski Thrill Show, Inc.*, 562 S.W.2d 790 (invitees) (Mo.App.1978); *Pitts v. Fred Weber Contractor, Inc.*, 466 S.W.2d 124 (Children) (Mo.App.1971). Union Electric, therefore, could not be held liable for failure to protect a gratuitous licensee from the open and obvious condition which gave rise to plaintiff's claim.

■ There are no facts in the record which can support a good faith belief by plaintiffs that defendant Union Electric may be held liable to them on any reasonable ground or theory. Joinder of Union Electric, therefore, was pretensive and insufficient to establish venue in the City of St. Louis. The circuit court in the cause is without jurisdiction to proceed. Accordingly, the preliminary writ issued by this court is made permanent and the respondent judge is hereby ordered to refrain from all action in the case styled *Asberry, et al. v. Union Electric, et al.*, cause number 832–05064.

CARL R. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.