STATE ex rel. BJC HEALTH SYSTEM
and Christian Hospital, Relators,

v.

The Honorable Margaret M. NEILL,
Judge, Circuit Court, City of St.
Louis, Division 1, Respondent.

State ex rel. David Trimble
et al., Relators,

v.

The Honorable Margaret M. Neill,
Judge, Circuit Court, City of St.
Louis, Division 1, Respondent.

State ex rel. BJC Health Systems and
Missouri Baptist Medical Center,
Relators,

v.

The Honorable Margaret M. Neill,
Judge, Circuit Court, City of St.
Louis, Division 1, Respondent.

State ex rel. John Hess, M.D., Relator,

v.

The Honorable Margaret M. Neill,
Judge, Circuit Court, City of St.
Louis, Division 1, Respondent.

Nos. SC 85215, SC 85138,
SC 85132, SC 85135.

Supreme Court of Missouri,
En Banc.

Nov. 4, 2003.

As Modified on Denial of Rehearing
Dec. 23, 2003.

Paul N. Venker, Lisa A. Larkin, Maureen O. Bryan, Dennie M. Zankel, Kenneth C. Brostron, Wendy J. Wolf, Tyler S. McClay, St. Louis, for relators, case No. 85215.

Gregory G. Fenlon, St. Louis, for respondent, case No. 85215.

Patrick J. Hagerty, Robert F. Ritter, M. Graham Dobbs, St. Louis, for relators, case No. 85132.

Paul N. Venker, Lisa A. Larkin, Michael R. Barth, David I. Hares, St. Louis, for respondent, case No. 85132.

Paul N. Venker, Lisa A. Larkin, Michael R. Barth, St. Louis, for relators, case No. 85135.

Patrick J. Hagerty, Robert F. Ritter, M. Graham Dobbs, Robert J. Amsler, Jr., David I. Hares, St. Louis, for respondent, case No. 85135.

Robert J. Amsler, Jr., David I. Hares, St. Louis, for relator, case No. 85138.

Patrick J. Hagerty, Robert F. Ritter, M. Graham Dobbs, Paul N. Venker, Lisa A. Larkin, Michael R. Barth, St. Louis, for respondent, case No. 85138.

DUANE BENTON, Judge.

These cases address the proper venue when several nonprofit corporations are defendants in the same petition.

In one case, two nonprofits—BJC Health System and Christian Health System ("Christian Hospital")—are sued in the Circuit Court for the City of St. Louis, along with two for-profit corporations and three individuals. The cause of action occurred in St. Louis County. Registered agents for both defendants are also in the County. BJC, however, maintains its principal place of business in the City.

BJC and Christian Hospital objected to venue. The trial judge found that based on BJC's principal place of business, venue is proper in the City under section 355.176.4.[1] This Court issued a preliminary writ of prohibition.

In the other case, BJC and Missouri Baptist Medical Center ("MBMC")—both nonprofits—are sued in St. Louis City, along with Dr. John P. Hess. The cause of action occurred in St. Louis County. Registered agents for both nonprofits are also in the County.

The trial judge eventually held that under section 355.176.4, MBMC cannot be sued in the City. The judge separated the claims for trial—transferring those against MBMC to the County, but keeping those against BJC and Dr. Hess in the City. Seeking prohibition, BJC and MBMC object to separate trials and argue that the entire case should be in the County. Dr. Hess and the plaintiffs also seek prohibition. This Court issued preliminary writs on all requests.

**I.**

Venue is determined solely by statute. *State ex rel. Smith v. Gray*, 979 S.W.2d 190, 191 (Mo. banc 1998). Venue for nonprofit corporations is governed by section 355.176.4. *SSM Health Care St. Louis v. Neill*, 78 S.W.3d 140, 141 (Mo. banc 2002). Section 355.176.4 states:

Suits against a nonprofit corporation shall be commenced only in one of the following locations:

1. References to section 355.176.4 are RSMo 1994. All other statutory references are to RSMo 2000.

(1) The county in which the nonprofit corporation maintains its principal place of business;

(2) The county where the cause of action accrued;

(3) The county in which the office of the registered agent for the nonprofit corporation is maintained.

On its face, the statute addresses suits against "a" nonprofit corporation, but not suits against several nonprofits.

■ "When any subject matter, party or person is described or referred to by words importing the singular number . . . , several matters and persons . . . and bodies corporate as well as individuals, are included." *Section 1.030.2; cf. section 355.066(6).* "We are admonished by statute to so construe statutory words importing the singular number as to include the plural (several) 'unless it be otherwise specially provided, or unless there be something in the subject or context repugnant to such construction.'" *State ex inf. Gentry v. Long–Bell Lumber Co.,* 321 Mo. 461, 12 S.W.2d 64, 80 (banc 1928).

Here, the legislature did not specifically exclude multiple nonprofits. Moreover, including the plural "corporations" is not repugnant to the statutory construction. See *The David Ranken, Jr. Technical Inst. v. Boykins,* 816 S.W.2d 189, 191–92 (Mo. banc 1991). Thus, the word "corporation" in section 355.176.4 includes the plural "corporations."

The defendant hospitals assert that section 355.176.4 applies separately to each nonprofit, so that venue is proper only where separately-determined venues overlap. As to *for-profits,* this Court rejected a parallel argument in *Webb v. Satz,* 561 S.W.2d 113, 115 (Mo. banc 1978). *Webb* held that it is not necessary to find an overlapping venue. *Id.* Venue is proper in "any county where at least one of the corporate defendants" can be sued. *Id.* at 113. Venue is not restricted to "a county,

if one can be found, where each of the several corporate defendants" can be sued. *Id.* See also *State ex rel. Campbell v. James,* 263 S.W.2d 402, 406 (Mo. banc 1953); *State ex rel. City of Springfield v. Barker,* 755 S.W.2d 731, 734 (Mo.App. 1988).

■ The rationale for this rule is clear: "common or joint liability, not joinder, is the touchstone for the determination of whether venue may be predicated on the residence of a co-defendant." *State ex rel. Sims v. Sanders,* 886 S.W.2d 718, 721 (Mo. App.1994); *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 201 (Mo. banc 1991). For the purposes of determining venue, the term "common or joint liability" does not include liability for injuries that are separate and distinct, but does include liability for injuries that are inseparable and indistinguishable. See *State ex rel. Bitting v. Adolf,* 704 S.W.2d 671, 673 (Mo. banc 1986); *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290, 292 (Mo. banc 1979); *State ex rel. Jinkerson v. Koehr,* 826 S.W.2d 346, 348 (Mo. banc 1992); *State ex rel. Farrell v. Sanders,* 897 S.W.2d 125, 126 (Mo.App.1995). *Cf. State ex rel Allen v. Barker,* 581 S.W.2d 818, 827 (Mo. banc 1979)(correctly allowing four defendants to be sued together because they shared common liability for an indivisible injury, but incorrectly stating that "the question of venue is contingent upon proper joinder").

■ Venue exists for all jointly-liable or commonly-liable defendants where it exists for one defendant. *Bitting,* 704 S.W.2d at 673; *Campbell,* 263 S.W.2d at 406; *City of Springfield,* 755 S.W.2d at 734. Where defendants share common or joint liability, several nonprofit corporations may be sued in any county where one nonprofit may be sued. The rule is:

Suits against nonprofit corporations shall be commenced only in one of the following locations:

(1) The *counties* in which the nonprofit corporations maintain *their* principal place of business;

(2) The *counties* where the cause of action accrued;

(3) The *counties* in which the offices of the registered agent for the nonprofit corporations *are* maintained.

■ This rule governs the present cases. In both cases, the trial judge found that the allegations of common or joint liability were not pretensive, as the injuries were inseparable and indistinguishable. Dr. Hess asserts that he is a concurrent tortfeasor, so venue against him must be determined independently of his co-defendants. All allegations against Dr. Hess, however, are included within the allegations against BJC and MBMC. Even assuming that Dr. Hess is a concurrent tortfeasor, his liability is common with that of BJC and MBMC.

BJC may be sued along with its affiliates or agents if plaintiffs validly claim "control sufficient to pierce the corporate veil," or that "the alleged control by BJC Health System affected the health care at issue and caused the alleged injury." *See State ex rel. BJC Health System v. Neill,* 86 S.W.3d 138, 140–41 (Mo.App.2002); *State ex rel. Malone v. Mummert,* 889 S.W.2d 822, 824–25 (Mo. banc 1994). There is no allegation of control sufficient to pierce the corporate veil. Plaintiffs do claim that BJC's control affected health care and caused the alleged injuries. In one case, the plaintiffs claimed that the medical providers administered substandard medical care "following the cost saving procedures set up by defendant BJC." In the other case, plaintiffs claimed that "BJC maintains control over [MBMC], including control and oversight of the adoption, promulgation and use of standards, protocols, and procedural guidelines," and that BJC—in 22 specific ways—directly affected the health care and caused the alleged injury.

In both cases, the trial judge found that BJC's principal place of business is in the City. Under section 355.176.4(1), BJC may be sued in the City circuit court. The other defendants may also be sued there because they share common or joint liability. Venue as to BJC is venue as to all jointly-liable or commonly-liable defendants.

## II.

The preliminary writ in case number SC85215 is quashed. The preliminary writs in case numbers SC85132, SC85135, and SC85138 are made absolute.

All concur.