

## Missouri Court of Appeals
### Southern District

### In Division

| | | |
|---|---|---|
| In the Interest of:<br>A.S., | ) | |
| | ) | |
| WEBSTER COUNTY JUVENILE<br>OFFICE, | ) | |
| | ) | |
| Petitioner-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD38354 |
| | ) | |
| A.S., | ) | **Filed: November 19, 2024** |
| | ) | |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

Honorable Justin M. Evans

**<u>AFFIRMED</u>**

This appeal challenges the judgment that dismissed a juvenile delinquency

petition and transferred a fifteen-year-old female ("Juvenile") from the exclusive

jurisdiction of the juvenile division of the circuit court ("the juvenile court" or "the

court") to "a court of general jurisdiction for prosecution under the general law"

("certification").[1] *See* section 211.071.[2] The petition filed in the juvenile court by the

---

[1] "A judgment dismissing a juvenile from the juvenile division's jurisdiction is final and appealable."
***D.E.G. v. Juv. Officer of Jackson Cnty.***, 601 S.W.3d 212, 218 (Mo. banc 2020).
[2] Unless otherwise indicated, all references to section 211.071 are to RSMo Cum. Supp. 2021.

1

juvenile officer of Webster County ("JO") claimed Juvenile, on June 28, 2023, committed acts that would have constituted the felony offenses of first-degree murder by stabbing (*see* section 565.020, RSMo 2016) and armed criminal action (*see* section 571.015, RSMo Cum. Supp. 2020) if they had been committed by an adult. A written certification report was filed with the court as required by section 211.071.6 and Rule 129.[3] The juvenile court then held a dismissal hearing on December 8, 2023. Three days later, the juvenile court granted JO's motion and entered the certification judgment at issue in this appeal ("the judgment").

> Juvenile's sole point relied on claims the juvenile court
>
> abused its discretion in dismissing the juvenile cause of action and transferring [Juvenile] to the court of general jurisdiction for prosecution under the general law because it erroneously applied the law in that it improperly relied on the range of punishment for an adult convicted of the charged offense to conclude [that Juvenile] was not a proper subject to be dealt with under the juvenile code.

Finding no support for that claim, we affirm the judgment.

## Standard of Review & Governing Law

"Our review of a juvenile court's decision to terminate jurisdiction over a juvenile offender is limited to a determination of whether in the totality of the circumstances the juvenile court abused its discretion." *M.T. v. M.T.*, 658 S.W.3d 125, 131 (Mo. App. S.D. 2022). In the context of Juvenile's claim of error, "an abuse of discretion occurs where

---

[3] "The requirements of § 211.071 are reiterated in Rules 129.03 and 129.04." *In re P.T.M.*, 662 S.W.3d 852, 858 (Mo. App. S.D. 2023) (quoting *In re E.T.S.*, 663 S.W.3d 818, 825 (Mo. App. W.D. 2023)). "Rule 129.03 requires the juvenile officer to 'make an investigation to aid the court in determining whether the juvenile is a proper subject to be dealt with under the juvenile code' and then to provide '[a] written report of the investigation' prior to the dismissal hearing." *Id.* (quoting Rule 129.03(a)-(b)). "Rule 129.04 governs the 'Dismissal Hearing[.]'" *Id.* (quoting Rule 129.04). Unless otherwise indicated, all rule references are to Missouri Court Rules (2023).

the circuit court fails to follow applicable statutes." ***State ex rel. Auto Owners Ins. Co. v. Messina***, 331 S.W.3d 662, 664 (Mo. banc 2011) (citation omitted).

### JO's Motion to Dismiss the Appeal

After Juvenile filed her opening brief, JO filed a motion to dismiss this appeal, and the motion was taken with the case. The motion rightly asserts that: (1) Juvenile's statement of facts violates Rule 84.04(c) in that it is argumentative and does not contain a fair and concise description of the judgment; and (2) Juvenile's appendix does not comply with Rule 84.04(h) in that it only contains the judgment – thereby failing to include the statutes that Juvenile relies upon.

"The briefing requirements of Rule 84.04 are mandatory, and the failure to substantially comply with Rule 84.04 preserves nothing for review." ***In re D.A.B.***, 570 S.W.3d 606, 615 (Mo. App. E.D. 2019). Nonetheless, "we have discretion to review noncompliant briefs *ex gratia* 'where the argument is readily understandable.'" ***Id.*** (quoting ***Scott v. King***, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). Because that situation presents itself here, the motion to dismiss the appeal is denied.[4]

### Analysis

Juvenile proceedings are civil, not criminal, and the goal is focused on the "continuing care, protection[,] and rehabilitation of the juvenile." ***J.D.H. v Juv. Ct. of St. Louis Cnty.***, 508 S.W.2d 497, 500 (Mo. banc 1974). However, as specifically

---

[4] "[W]e cautiously exercise this discretion because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not." ***D.A.B.***, 570 S.W.3d at 615 (quoting ***Scott***, 510 S.W.3d at 892). While the deficiencies noted by JO are certainly annoying, they do not materially impede our ability to resolve the appeal without impermissibly becoming an advocate for one of the parties, and the gravity of the proceedings at hand persuades us that we should resolve the appeal on the merits. *See* ***J.N.W. v. Juv. Officer***, 643 S.W.3d 618, 631 (Mo. App. W.D. 2022) (deficient point relied on challenging certification of a juvenile was reviewed because of "the gravity of the issue raised").

3

contemplated in section 211.071, some juveniles are not proper subjects to be dealt with under the juvenile code.  As relevant here, section 211.071.1 provided:

> [i]f a petition alleges that any child has committed an offense which would be considered first degree murder under section 565.020, . . . the court shall order a hearing, and may in its discretion, dismiss the petition and transfer the child to a court of general jurisdiction for prosecution under the general law.[5]

In exercising that discretion, the juvenile court must comply with section 211.071.6, which requires:

> [a] written report shall be prepared in accordance with this chapter developing fully all available information relevant to the criteria which shall be considered by the court in determining whether the child is a proper subject to be dealt with under the provisions of this chapter and whether there are reasonable prospects of rehabilitation within the juvenile justice system.[6]  These criteria shall include but not be limited to:
>
> (1) The seriousness of the offense alleged and whether the protection of the community requires transfer to the court of general jurisdiction;
>
> (2) Whether the offense alleged involved viciousness, force and violence;
>
> (3) Whether the offense alleged was against persons or property with greater weight being given to the offense against persons, especially if personal injury resulted;
>
> (4) Whether the offense alleged is a part of a repetitive pattern of offenses which indicates that the child may be beyond rehabilitation under the juvenile code;

---

[5] Although it would not have affected Juvenile (a fifteen-year-old at the time her offenses were allegedly committed), we note that, effective August 28, 2024, section 211.071, RSMo Cum. Supp. 2024, now more narrowly provides:

> [i]f a petition alleges that *a child between the ages of twelve and eighteen* has committed an offense which would be considered first degree murder under section 565.020, . . . the court shall order a hearing, and may in its discretion, dismiss the petition and transfer the child to a court of general jurisdiction for prosecution under the general law.  [(Emphasis added.)]

[6] In addition, the written report should "fully develop[ ] 'all available information relevant to the criteria which shall be considered by the court in determining whether the child is a proper subject' of the juvenile system and 'whether there are reasonable prospects of rehabilitation within the juvenile justice system.'" *In re T.D.S.*, 643 S.W.3d 510, 518-19 (Mo. App. E.D. 2021) (citing section 211.071.6 (emphasis omitted)).

4

(5) The record and history of the child, including experience with the juvenile justice system, other courts, supervision, commitments to juvenile institutions and other placements;

(6) The sophistication and maturity of the child as determined by consideration of his or her home and environmental situation, emotional condition and pattern of living;

(7) The age of the child;

(8) The program and facilities available to the juvenile court in considering disposition;

(9) Whether or not the child can benefit from the treatment or rehabilitative programs available to the juvenile court; and

(10) Racial disparity in certification.

Section 211.071.6.

"In assessing these non-exhaustive factors [("the 10 factors")], the juvenile court is entitled to significant discretion and need not give equal weight to each of the listed factors, nor is it required to make an express finding on each one." *K.X.B. v. Juv. Officer*, 697 S.W.3d 1, 8 (Mo. App. W.D. 2024) (internal quotation and citation omitted).

Juvenile's sole point on appeal claims the court abused its discretion "because it erroneously applied the law in that it improperly relied on the range of punishment for an adult convicted of the charged offense to conclude [that Juvenile] was not a proper subject to be dealt with under the juvenile code."[7]

---

[7] Juvenile's claim that the court's reliance on the punishment range for an adult was improper is conclusory, and does not, in the context of the case, explain why it was improper. *See* Rule 84.04(d)(1). Similarly, the point relied on does not explain what law the court allegedly applied erroneously. Further, Juvenile's focus in her brief's argument section is on one phrase (which we italicize below) that is contained in one paragraph of the five-page judgment:

The serious nature of the pending allegation indicates that protection of the community may require [Juvenile]'s removal from the community for a period longer than what Division of Youth Services [("DYS")] is able to accomplish. [Juvenile] could, at the theoretical maximum, only be in the custody of [DYS] for a period of approximately 3 years and 4 months. The fixed termination date leads to a very short period of time in

"As the reviewing court, we . . . presume the trial court properly considered all the evidence, stated the facts, and followed the law unless that presumption is refuted by the record." ***In re Adoption of C.M.***, 414 S.W.3d 622, 660-61 (Mo. App. S.D. 2014). Juvenile does not explain why the adult range of punishment for the alleged offenses is not logically relevant to a determination of the seriousness of the offenses. *See* section 211.071.6(1). She also fails to cite any legal authority that supports her claim, and we are not aware of any such authority. In addition, section 211.071.6 specifically states that while the juvenile court must consider the 10 factors, the court it is not limited to those factors in determining whether certification is proper.

Because Juvenile has not demonstrated that the court erred in applying the law as set forth in section 211.071.6, no abuse of discretion appears, and we affirm the presumed-correct judgment of the juvenile court.


DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS

---

which [Juvenile] could be provided services and rehabilitated if found to have committed the alleged offense. The Court finds that a court of general jurisdiction is more appropriate, in large part, due to the severity of the alleged offense *and the time required to accomplish correctional and/or rehabilitative goals*, and to adequately address community safety and protection goals. If [Juvenile] is found guilty of the charged offense in a court of general jurisdiction, [section] 558.019 RSMo would place hard restrictions on the amount of time that the offender would serve for commission of a dangerous felony, in that [Juvenile] would serve a minimum of 85% of the sentence. This sentencing guideline informs this Court as to the legislature's public safety concerns for offenses of this type. This Court finds that no such options are available if the case remains in Juvenile Court [(emphasis added)].

Because this particular complaint is not set forth in a point relied on, it is not preserved for our review. ***State v. Lammers***, 479 S.W.3d 624, 636-37 n.13 (Mo. banc 2016) ("Errors raised in the argument portion of a brief but not raised in the points relied on need not be considered by this Court").

6